THOMAS W. LAW, Appellee, v. BRYANT ASPHALTIC PAVING CO., Appellant.

**NEGLIGENCE:** Acts or Omissions Constituting—Public Improvements—Obstructing Public Streets—Barriers—Warnings. The maintenance, in a public street, by a contractor engaged in laying paving in said street under authority of the city, of a concrete mixer so placed as to impede travel by pedestrians on the sidewalk, is not, of itself, a negligent act on the part of the contractor, but may become such by failure to exercise reasonable care (a) to erect a barrier to turn pedestrians from the path of danger, (b) to give pedestrians warning of the danger, or (c) to discover the danger to a pedestrian and to prevent his injury. Evidence reviewed, and held to present a jury question as to defendant's negligence.

**NEGLIGENCE:** Contributory Negligence—Obstruction in Highway. Record reviewed, and held to present a jury question whether plaintiff, in passing a concrete mixer located in a public street and obstructing travel by pedestrians, was guilty of contributory negligence.

**TRIAL:** Instructions—Form, Requisites and Sufficiency—General Test—Negligence. Not what a minute, technical or hypercritical analysis of an instruction might show is its possible meaning, but what idea is the language fairly calculated to convey to the minds of jurors drawn from the ordinary walks of life. Instructions reviewed, and held to correctly cover, with reasonable fullness, the relative rights and duties of a public contractor in handling his

machinery in a public street, and of a pedestrian walking along such street.

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

MONDAY, APRIL 10, 1916.

ACTION at law to recover damages on account of personal injury. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Kenyon, Kelleher & O'Connor,* for appellant.

*Price & Joyce,* for appellee.

WEAVER, J.—The defendant, as contractor, was engaged in laying a pavement on one of the streets of Fort Dodge. As a part of its equipment in the performance of the work, it made use of a machine or device known as a concrete mixer, which was operated by steam power. The machine was provided with a boom, or lifting beam, on the outer end of which was fitted a hopper or "skip." When lowered to the ground, the skip was filled with materials for the mixture, then lifted to a position from which the contents were discharged into the mixing drum. The engineer operating the machine stood in a position where he could see the operation of the lift. The outfit was mounted on a truck, by which it was moved from place to place, as might be needed in the prosecution of the work. The paving had been in the course of construction for a considerable period before the accident hereinafter mentioned, but the mixing machine had recently been moved from another location and placed at the intersection of Second Avenue North, and Seventh Street. It was so placed that the lifting beam extended over and across the path or walk ordinarily used by pedestrians. When the lift was raised, the path, unless otherwise obstructed, was clear; when lowered, it was an obstruction to travel; and when in operation, was a source of danger to anyone passing under it. The street

was a main thoroughfare leading into the business section of the city, and many pedestrians made use of it. The plaintiff, who was employed in a grocery in the business section of the city, used the street in question in passing between his home and place of employment, and had seen the mixing machine at other locations, but claims not to have been familiar with its method of operation. There is some conflict in the evidence as to how long the machine had been in this particular location before the accident, but the jury could properly have found that it had stood there some three or four days, but had not been in operation until the day when plaintiff was hurt. The jury could also have found that, while the machine was thus standing idle, no barricade was provided to divert the travel of pedestrians from the usual path at this point, and that in fact many people continued to pass back and forth, without any apparent effort by defendant to interfere with such passage until after the accident. The plaintiff, going to his work in the morning and returning to his home at noon of that day, used the path by the machine, and saw no indication of its operation. During his noon hour, and before his return to work, it appears that the machine was set in motion. As he approached the place, a severe snowstorm had set in. He saw several men gathered in that vicinity, who did not appear to him to be engaged in work, and he drew the inference that work had been suspended on account of the storm. He saw nothing and heard nothing which suggested to him that the machine was in operation; there was no barrier on or across the walk; and he had no warning of any kind that the passage was dangerous, and proceeding, as he and others had done before, he was struck by the descending skip and severely injured. This statement is, of course, in many respects denied by the defendant and its witnesses; but there is evidence upon which, as we have already said, the jury could find it substantially true.

The charge of negligence made against the defendant is, in effect, that it failed to exercise due care to erect a barrier

to turn pedestrians from the path of danger, or to give warning of such danger, or to discover the plaintiff's danger in time to prevent his injury by the falling skip.

I. The question first in order is whether there is any evidence for the jury upon the charge of negligence made against the defendant. Upon this, there is little room for argument. The defendant undoubtedly had the right,

1. NEGLIGENCE: acts or omissions constituting: public improvements: obstructing public streets: barriers: warnings.

and the jury were so informed, to occupy the streets with its machine, and the mere fact that it thereby obstructed the travel did not render the defendant a wrongdoer or make it liable in damages for the inconvenience thereby occasioned to the public or to individuals. It was bound, however, to exercise that right with reasonable care to avoid injury to persons attempting to make such use of the street as was practicable; and, if the machine was so located as to make passage along the walk unsafe, it was open to the jury to find that reasonable care required the erection of suitable barriers to call the attention of travelers to the danger and divert them therefrom, or, in the absence of barriers, to keep a watchman on guard to turn people away while the machine was in operation. From what we have already said of the facts of which there was evidence, it is very clear that the question of defendant's negligence was not one upon which the court was authorized to pass as a matter of law, and there was no error in submitting it to the jury.

II. Was the plaintiff chargeable with contributory negligence as a matter of law? The affirmative of this question is vigorously argued for the defendant. Some of the proved or admitted facts have a legitimate tendency to

2. NEGLIGENCE: contributory negligence: obstruction in highway.

sustain the conclusion that plaintiff did not manifest reasonable care for his own safety; but, on the other hand, the record is not without a showing of facts from which his exercise of reasonable care may be inferred. The machine had stood at this location idle for several days, and its presence during that time

created no danger to persons using the path. The path had
been left open and unobstructed, an invitation to its con-
tinued use. Plaintiff and others frequently passed that way
without being advised or warned by the defendant of any
danger. He had in fact used the path without objection or
warning but an hour before his injury. When he came back,
the machine had been in operation less than half an hour; he
was facing a severe storm; and, his progress being uninter-
rupted by any barrier or warning, the court can hardly
assume to say, as a matter of law, that the average man of
ordinary intelligence and prudence would have done otherwise
than he did under the circumstances. The case is not com-
parable, we think, with the railway cases cited by the appel-
lant. It is only where there is no room for fair and reason-
able minds to differ upon the conclusion to be reached that
the court may direct a verdict, and the case before us is not
of that conclusive character.

III. Error is assigned upon the instructions given the
jury as follows. The court in summarizing the issues, said to
the jury:

"The acts which the plaintiff says con-
3. TRIAL: instruc-  stitute the negligence on which he claims and
tions: form, re-
quisites and       upon which he predicates his right to recov-
sufficiency:
general test:      ery are that: (1) The defendant was negli-
negligence.
gent in that it failed to erect an ample and
sufficient barrier at said place in order that pedestrians might
be turned from the path usually trod by them; (2) the defend-
ant was negligent in that it failed by any device or method
to warn the public generally and this plaintiff in particular
of the danger incident to the operation of the said machine
at said place; (3) the defendant was negligent in that it
failed to erect and maintain a guard around the said place
where the said machine was being operated sufficient to pre-
vent the public in general or this plaintiff in particular from
going into a place where he would be injured by the opera-
tion of the said machine; (4) the defendant was negligent in

failing to warn the plaintiff of its purpose to lower the said lift or elevator as the plaintiff was passing in close proximity thereto."

This is said by counsel for appellant to be equivalent to instructing the jury that defendant was bound to put up a barrier which was impassible. It is further objected that the statements in the second, third and fourth subdivisions of the paragraph are capable of being understood by the jury as charging the defendant with the duty not only to erect a suitable barrier, but also to warn the public generally and the plaintiff in particular of the danger there existing; as well as to give him notice when the elevator was to be lowered, and that such duties were incumbent upon defendant even though plaintiff knew, or as a reasonable man ought to have known, of the danger to be encountered in using the path.

These criticisms, we think, are not justified. The statement of the acts and omissions which plaintiff charges as negligence are quoted literally by the court from the plaintiff's petition. In so doing, we think that the court rightfully allowed the plaintiff to state in his own language the very grounds upon which he seeks to recover. The fact that, with the linguistic exuberance of the profession, counsel for plaintiff state and restate their alleged cause of action in varied forms, cannot serve to prejudice the defense, where the court clearly states the pertinent rules of law and directs the attention of the jury to the essential issues, in which respect the defendant here has no just ground of complaint. The jury was told that defendant was rightfully in the street, that it was bound to no more than ordinary care in the conduct of its work therein. An "ample and sufficient barrier" could not mean more to any ordinarily intelligent juror than a barrier reasonably sufficient to indicate to the mind of the traveler passing that way that the path was closed to public use. Nor is there anything in the other specifications of negligence or in the instructions with reference thereto to suggest to the

jury that, if defendant had performed its full duty with reference to a barrier, it could still be held negligent in not giving, in addition thereto, a public or an individual warning of the danger. It is probably true that no instruction or charge to a jury has ever been drawn with such perfect clearness and precision that an ingenious lawyer, in the seclusion and quiet of his office, with a dictionary at his elbow, cannot extract therefrom some legal heresy of more or less startling character. The real test of the meaning and effect of an instruction for the purpose of review by an appellate court ought to be, and we think is, the idea which the language objected to is fairly calculated to convey to the minds of jurors drawn from the ordinary walks of life; and the fact that, upon a minute, technical or hypercritical analysis, some other interpretation can be placed thereon, may be disregarded. The charge in this case, taken as a whole, recognizes the right of the defendant, as well as of the plaintiff, in the street; the duty of each to use reasonable care to avoid injury to or interference with the other; the burden upon plaintiff to establish his allegation of negligence by defendant; and his own freedom from contributory negligence. All these matters bearing upon the relative rights and duties of the parties were treated with reasonable fullness.

The record impresses us with the thought that the case was fairly tried, and that there is no substantial reason for interfering with the result below. The judgment appealed from is therefore—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.