**STATE of Iowa, Appellee,**

v.

**John Joseph SLOAN, Jr., Appellant.**

**No. 54748.**

Supreme Court of Iowa.

Dec. 20, 1972.

Stanford L. Trumbower, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Joseph Coleman, Asst. Atty. Gen., and James F. Waltz, County Atty., for appellee.

LeGRAND, Justice.

Defendant was convicted of the offense of operating a motor vehicle while under the influence of an intoxicating beverage. His appeal from the judgment entered on that verdict presents two issues, each of which defendant asserts entitles him to a new trial. He claims (1) that the instructions under which his case was submitted to the jury violated his constitutional rights and (2) that the trial court erroneously admitted into evidence the results of a blood test taken following his arrest. We reverse and remand for a new trial.

I. We consider, first, plaintiff's claim that the court's charge to the jury was prejudicially erroneous. This raises again the question of the effect of that portion of section 321.281, The Code, which makes alcoholic content in the blood exceeding ten hundredths of one percentum by weight presumptive evidence that defendant was under the influence of an alcoholic beverage.

Defendant made no objections to the instructions until filing a motion for a new trial following his conviction. This procedure is authorized under section 787.3(5), The Code. State v. Brown, 172 N.W.2d 152, 159 (Iowa 1969); State v. Wisniewski, 171 N.W.2d 882, 886 (Iowa 1969); State v. Schmidt, 259 Iowa 972, 980, 145 N.W.2d 631, 636 (1966).

We disagree with the State's argument that the case falls within the exceptions to this rule as set out in State v. Brown, 172 N.W.2d 152, 159 (Iowa 1969). We hold the matter is properly here for review.

This assignment of error raises the same issue which we today decided in State v. Hansen, 203 N.W.2d 216. Instruction 7 given in this case is identical in all material respects with Instruction 14, which we held in Hansen to be prejudicial error.

We need not repeat what we said in State v. Hansen. We believe it to be controlling here, and for the reasons there stated we reverse and remand for a new trial.

We must, however, discuss the matter further because of the ruling on defendant's motion for a new trial. The trial court held Instruction 7 was erroneously given but concluded the error was harmless. A new trial was refused for that reason. We are unable to agree. We have said error in instructing the jury is presumed to be prejudicial unless the contrary appears from a review of the whole case. State v. Barton, 258 Iowa 924, 929, 140 N.W.2d 886, 889 (1966) and citations. We are not persuaded there was no prejudice, particularly as, since Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 710 (1967), we must reach such a conclusion beyond a reasonable doubt. See also Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). This we cannot do, and the case must therefore be re-tried.

II. Since the case is to be tried again, we should also consider defendant's second assignment of error. It deals with the admission of the results of his blood test.

Defendant objects solely on the basis that the person who took a blood sample from him at the Greater Community Hospital in Creston was not authorized to do so by a licensed physician as required by section 321B.4, which provides in pertinent part as follows:

"Only a licensed physician, or a medical technologist or registered nurse designated by a licensed physician as his representative, acting at the written request of a peace officer may withdraw such body substances [which are listed in section 321B.3 and which includes blood] for the purpose of determining the alcoholic content of the person's blood. * * * "

In this case the blood sample was withdrawn at the written request of a peace officer by Mary Jo Dorgan, a registered nurse employed at the hospital.

She was designated by Dr. John L. Beattie, a licensed physician and a member of the staff of the Greater Community Hospital, to take blood samples as his representative at the request of a police officer when the occasion arose. This was a general authorization executed by the doctor on a date prior to the date of defendant's arrest.

In other words, to avoid the necessity of giving a specific request on each occasion, the doctor designated the nurse, as well as other nurses at the hospital, to withdraw blood as his representative any time they were properly requested to do so.

We hold this is substantial compliance with section 321B.4. The purpose of the statute is to protect the health of the party whose blood is taken and to guarantee its accuracy for use in later judicial proceedings. State v. Wallin, 195 N.W.2d 95, 97 (Iowa 1972). It does not require, either expressly or impliedly, that authorization be given in each instance at the time the test is to be made. Such a practice would be burdensome and inpractical. As long as blood is withdrawn by a registered nurse who has been designated by a licensed physician to act as his representative, the statute has been observed and defendant has no cause for complaint. There was no error in the admission of this evidence.

III. For the reasons stated in Division I hereof, we reverse the judgment of the trial court and remand for a new trial.

Reversed and remanded.

**228**

MASON, RAWLINGS, REYNOLD-SON and McCORMICK, JJ., concur.

MOORE, C. J., and REES, UHLEN-HOPP and HARRIS, JJ., dissent.

MOORE, Chief Justice (dissenting).

I respectfully dissent from the interpretation given Instruction 7 in Division I of the majority opinion and reversal of defendant's conviction.

Instruction 7 is the same uniform instruction as Instruction 14 in State v. Daniel Jasper Hansen. The opinion in Hansen, together with my dissent, is being filed simultaneously herewith. That dissent is applicable here and need not be repeated.

I find no reversible error.

I would affirm.

REES, UHLENHOPP and HARRIS, JJ., join in this dissent.