**STATE of Iowa, Appellee,**

v.

**Jerome Dane HUTTON, Appellant.**

**No. 55424.**

Supreme Court of Iowa.

May 23, 1973.

Stanford L. Trumbower, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Richard Poffenberger, County Atty., Perry, for appellee.

REYNOLDSON, Justice.

Defendant was convicted by a jury of operating a motor vehicle while under the influence of an alcoholic beverage in violation of § 321.281, The Code. He appeals from the judgment imposing sentence on that conviction. We reverse and remand for a new trial.

A recitation of facts is unnecessary. The sole issue in this case arises out of a single jury instruction.

We set out instruction 11 in full:

"A statute of this State provides that if there is evidence that a person operating a motor vehicle upon a public highway had at the time of said operation more than ten one-hundredths of one percentum by weight of alcohol in his blood, the same shall be presumptive evidence that such person was then under the influence of an alcoholic beverage.

"The rule established by the foregoing statute permits the Jury to infer that the Defendant was under the influence of an alcoholic beverage, if it is found by the Jury that at the time Defendant was driving an automobile on the public highway his blood contained more than ten one-hundredths of one percentum by weight of alcohol.

"However, such inference is not conclusive, but is rebuttable. It may be overcome or rebutted by evidence to the contrary.

"You are instructed that despite the permissible inference from the blood test, the burden remains at all times upon the State to establish each and every element of the crime and the crime itself beyond a reasonable doubt and the burden remains at all times upon the State to go forward with the proof of all matters in issue in the case. There is no

burden upon the Defendant in a criminal case."

Defendant objected and excepted to instruction 11 both before submission to the jury and later in his motion for new trial. He asserted the instruction shifted the burden of proof and persuasion to the defendant to disprove an essential element of the crime, shattered his presumption of innocence and violated his constitutional rights. Defendant contended the error in the first three paragraphs was not cured or rendered harmless by the final paragraph.

▮ On appeal defendant argues for reversal on the same grounds we recently considered in division I of State v. Sloan, 203 N.W.2d 225 (Iowa 1972) and division I of State v. Hansen, 203 N.W.2d 216 (Iowa 1972). With the exception of the additional final paragraph instruction 11 in the case *sub judice* is identical to the instruction we held reversibly erroneous in *Sloan* and *Hansen,* supra.

In support of affirmance the State does not ask us to reconsider our holdings in *Sloan* and *Hansen.* Instead it seeks to distinguish this case on the basis of the additional final paragraph of instruction 11. Consequently, the only issue before us is whether the concededly erroneous part of instruction 11 was cured and rendered harmless by the additional final paragraph.

We find the distinction and argument advanced by the State unpersuasive. As the dissent in *Hansen* noted,

"Throughout the instructions the trial court put the burden on the State to prove defendant's guilt beyond a reasonable doubt." 203 N.W.2d at 224.

Yet, the majority in both *Hansen* and *Sloan,* after considering all the instructions as a whole, including those clearly imposing the burden on the State, held the challenged instruction was bad. The mere fact trial court in the instant case inserted a paragraph on the State's burden in the same instruction, in addition to the other

instructions on burden of proof, is an insignificant distinction.

We cannot speculate whether the jury followed the erroneous part of instruction 11 or the curative part. See Stump v. Bennett, 398 F.2d 111 (8 Cir. 1968), cert. denied, 393 U.S. 1001, 89 S.Ct. 483, 21 L. Ed.2d 466 (1968). This instructional inconsistency is indistinguishable from *Hansen* and *Sloan* in which we had no way of knowing whether the jury followed the erroneous instructions or the proper instructions on burden of proof. Including tacitly contradictory parts in the same instruction would be just as confusing to a jury as submitting the contradictory concepts in separate instructions.

We are unable to find the erroneous instruction was harmless beyond a reasonable doubt, applying the standard required by Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967).

Reversed and remanded.

MASON, RAWLINGS, LeGRAND, REES and McCORMICK, JJ., concur.

MOORE, C. J., and UHLENHOPP and HARRIS, JJ., dissent.

MOORE, Chief Justice (dissenting).

For all the reasons stated in my dissent in State v. Hansen, Iowa, 203 N.W.2d 216, 223–225, and the additional reasons set out infra, I respectfully dissent from the majority opinion.

In Hansen, Instruction 14, was Iowa Uniform Instruction 520.8. Instruction 11 here is identical with this added paragraph:

"You are instructed that despite the permissible inference from the blood test, the burden remains at all times upon the State to establish each and every element of the crime and the crime itself beyond a reasonable doubt and the burden remains at all times upon the

State to go forward with the proof of all matters in issue in the case. There is no burden upon the Defendant in a criminal case."

The majority in the five to four opinion in Hansen interpreted the instruction as putting the burden of proof to disprove an element of the charged crime on defendant. The added paragraph here clearly eliminates such an interpretation.

In State v. Jiles, 258 Iowa 1324, 1338, 142 N.W.2d 451, 460, we say: "These words (inference or presumption) may, in the mind of the scholar, involve some fine legalistic distinctions, but to the average person their meaning is neither so veiled nor uncertain as to require a definition. (Citations)."

Having this knowledge and the addition to the uniform instruction before them I am unable to agree the jury was led to believe a burden of producing rebuttal evidence was put on defendant. The majority gives appeal counsel the benefit of a hypercritical analysis of Instruction 11.

We have repeatedly said:

"* * *. It is probably true that no instruction or charge to a jury has ever been drawn with such perfect clearness and precision that an ingenious lawyer in the seclusion and quiet of his office with a dictionary at his elbow cannot extract therefrom some legal heresy of more or less startling character. The real test of the meaning and effect of an instruction for the purpose of review by an appellate court ought to be, and we think is, the idea which the language objected to is fairly calculated to convey to the minds of jurors drawn from the ordinary walks of life; and the fact that upon a minute technical or hypercritical analysis some other interpretation can be placed thereon may be disregarded. * * *." Law v. Bryant Asphaltic Paving Co., 175 Iowa 747, 753, 157 N.W. 175, 177, 178, 7 A.L.R. 1189; Skalla v. Daeges, 234 Iowa 1260, 1270, 15 N.W.2d 638, 643; Hicks v. Goodman, 248 Iowa 1184, 1189, 85 N.W.2d 6, 8; Leaders v. Dreher, Iowa, 169 N.W.2d 570, 575.

I would affirm.

UHLENHOPP and HARRIS, JJ., join this dissent.