**STATE of Iowa, Appellee,**

v.

**Arnold Clyde MYERS, Appellant.**

**No. 56216.**

Supreme Court of Iowa.

Feb. 20, 1974.

———◆———

Charles F. O'Connor, Manson, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., Des Moines, and Richard A. Williams, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and UHLENHOPP, JJ.

REES, Justice.

This is an appeal by Arnold Clyde Myers from a conviction and sentence for operating a motor vehicle while under the influence of an alcoholic beverage in violation of § 321.281, The Code, 1971. We affirm.

Following a plea of not guilty, trial of defendant on the OMVUI charge was had to a jury. In the course of trial, Janet Peterson, a laboratory technician at Humboldt County Memorial Hospital, testified that upon the written request of a police officer, on the evening of May 3, 1972 she took a sample of defendant's blood for purposes of analysis. Dan Peters, another laboratory technician at Humboldt County Memorial Hospital, stated that he had run various tests upon the blood sample taken from defendant.

When asked the results of those tests, objection was raised, and was sustained by the court, based upon lack of foundation and failure of the State to show compliance with § 321B.4, The Code. Janet Peterson was recalled to supplement her previous testimony as to her authorization to withdraw blood for testing in OMVUI cases. Peters then resumed the witness stand and gave the results of his tests on blood samples taken from defendant. Objections to such testimony were overruled.

Defendant was found guilty and thereafter sentenced. He appeals to this court alleging trial court erred in overruling his objection to testimony relative to the blood tests results, said objection being based upon a lack of showing of proper foundation under § 321B.4, The Code.

Section 321B.4, The Code, 1971, states in pertinent part:

"Only a licensed physician, or a medical technologist or a registered nurse designated by a licensed physician as his representative, acting at the written request of a peace officer may withdraw such body substances for the purpose of determining the alcoholic content of the person's blood.  *  *  *"

The record shows Janet Peterson and any other medical technologists at Humboldt County Memorial Hospital have a blanket authorization from the medical staff of the hospital, specifically from a Doctor Northrup, president of said medical staff, for withdrawing blood samples for OMVUI cases. Dr. Northrup did not testify. Nor was a written authorization in the form described by Janet Peterson received into evidence.

We are thus confronted for the first time with the issue of whether prior parol authorization given by a licensed physician or physicians to several otherwise qualified medical personnel for purposes of withdrawing blood for testing of alcoholic content whenever a case arises is sufficient to comply with the dictates of § 321B.4, The Code.

I. In the case of State v. Raue, 214 N. W.2d 162 (Iowa 1974), a similar issue was brought to this court on appeal. We declined consideration of the same, however, for appellant in that case had failed to properly preserve the issue for appeal. There is no such problem in the instant case.

II. It is important that the blood tests and other sobriety tests provided for in chapter 321B be shown to be accurate in order to be considered as competent and reliable evidence. The test standards and the qualifications required of those authorized to withdraw blood specimens by § 321B.4 are vital to assuring such accuracy, in addition to protecting the health of the persons submitting to such tests. State v. Charlson, 261 Iowa 497, 508, 154 N.W.2d 829, 835; State v. Wallin, 195 N.W.2d 95, 97 (Iowa 1972). We have held that evidence of a sobriety test must be shown to be taken by a person authorized by chapter 321B in order to be competent for admissibility in either administrative or civil and criminal proceedings. State v. Hraha, 193 N.W.2d 484, 489 (Iowa 1972).

Defendant contends the general designation given Mrs. Peterson by the hospital staff for blood tests circumvenes the legislative standards and purposes previously discussed. We do not agree.

Authorization to take blood tests need not be in writing to be valid. State v. Binkley, 201 N.W.2d 917, 919 (Iowa 1972).

In the case of State v. Sloan, 203 N.W. 2d 225 (Iowa 1972), a registered nurse had been designated by a licensed physician to take blood samples as his representative at the request of a police officer when the occasion arose. This was a general authorization executed by the doctor on a date prior to the date of that defendant's arrest. Such designation had also been given to other nurses in the hospital. We stated at p. 227 of 203 N.W.2d:

"We hold this is substantial compliance with section 321B.4. The purpose of the statute is to protect the health of the party whose blood is taken and to guarantee its accuracy for use in later judicial proceedings. State v. Wallin [supra]. It does not require, either expressly or impliedly, that authorization be given in each instance at the time the test is to be made. Such a practice would be burdensome and impractical. As long as blood is withdrawn by a registered nurse who has been designated by a licensed physician to act as his representative, the statute has been observed and defendant has no cause for complaint. There was no error in the admission of this evidence."

The evidence in the instant case shows the blood sample was withdrawn by a medical technologist according to accepted medical practices with a physician taking responsibility for authorizing the same. The physicians' prior designation of a group, the Humboldt County Memorial Hospital medical technologists, rather than Janet Peterson specifically by name, does not create a greater risk of harm to defendant for health or accuracy factors than exists under a general designation as approved in State v. Sloan, *supra*.

We hold that § 321B.4, The Code, has been properly observed and defendant's contentions are without merit. There was no error in the admission of the blood tests results. Therefore the trial court is affirmed.

Affirmed.

All Justices concur, except UHLENHOPP, J., who concurs specially.

UHLENHOPP, Justice (concurring specially).

I concur in the result and also in the court's opinion except for the statement in division II relating to the applicability of chapter 321B of the Code to "administrative or civil and criminal proceedings." I think that statement should be limited to "administrative or civil and criminal proceedings involving tests made under the implied consent statute when a person is suspected of operating a motor vehicle while intoxicated." Brooks v. Engel, 207 N.W.2d 110, 113–114 (Iowa).