**STATE of Iowa, Appellee,**

v.

**Marvin A. JANSSEN, Appellant.**

**No. 58448.**

Supreme Court of Iowa.

March 17, 1976.

Rehearing Denied April 12, 1976.

Morris C. Hurd and Thomas M. Donahue, Ida Grove, for appellant.

Richard C. Turner, Atty. Gen., William D. Scherle, Asst. Atty. Gen., and James L. McDonald, Cherokee County Atty., for appellee.

UHLENHOPP, Justice.

This appeal involves several rulings of the trial court in the trial of defendant Marvin A. Janssen on an indictable misdemeanor charge.

The Cherokee County Attorney charged defendant with operating a motor vehicle while under the influence of an alcoholic beverage on February 19, 1975. Defendant pleaded not guilty. The testimony at trial of observations by witnesses abundantly established defendant's intoxication. In addition, the State showed that a sample of defendant's breath reflected a blood-alcohol equivalent of 130 milligram percent. A jury found defendant guilty and the trial court imposed sentence. Defendant appealed, assigning four errors.

I. Defendant first contends that the trial court erred in overruling his exceptions to Instruction 11 relating to § 321.281 of the Code. This instruction states:

A statute of this State provides that if there is evidence that a person operating a motor vehicle upon a public highway had at the time of said operation more than ten one-hundredths of one percentum by weight of alcohol in his or her blood, the same shall be presumptive evidence that such person was then under the influence of an alcoholic beverage.

The rule established by the foregoing statute permits the jury to infer that the Defendant was under the influence of an alcoholic beverage, if it is found by the jury that at the time Defendant was driving an automobile on a public highway his blood contained more than ten one-hundredths of one percentum of alcohol by weight.

However, such inference is not conclusive, but it is rebuttable. It does not shift the burden to Defendant to prove that he was not under the influence of an alcoholic beverage when driving nor does it change the ultimate burden of proof or deprive the Defendant of the presumption of innocence.

In short, the result of the breath test is presumptive evidence and, like all evidence, may be accepted or rejected by you. It is still for you to determine from all the facts and circumstances proven whether the State has carried the burden of proving Defendant guilty of the offense charged beyond a reasonable doubt.

Defendant argues that this instruction comes within the proscription of *State v. Hansen*, 203 N.W.2d 216 (Iowa); *State v. Sloan*, 203 N.W.2d 225 (Iowa); *State v. Hutton*, 207 N.W.2d 581 (Iowa), and *State v. Prouty*, 219 N.W.2d 675 (Iowa). We think, however, that the trial court carefully and successfully avoided the problem in those cases and brought itself instead under *State v. Thornburgh*, 220 N.W.2d 579 (Iowa).

A trial judge in a criminal case involving a presumption relating to guilt must avoid two pitfalls. First, the judge must not tell the jury that the presumption is conclusive. *State v. Hansen*, 203 N.W.2d 216, 220 (Iowa). Second, the judge must not tell the jury that the presumption shifts the burden of proof to the defendant. *State v. Hutton*, 207 N.W.2d 581, 583 (Iowa).

As to the first of these pitfalls, presumptions in the law are of two types, conclusive and rebuttable. McCormick, Evidence (2d ed.) § 342 at 804. The trial court here clearly negatived any thought that the presumption established by § 321.281 is of the conclusive type and plainly stated that the presumption—or inference, as the court called it—is rebuttable. In the third paragraph of Instruction 11 the trial court stated, "However, such inference is not conclusive, but it is rebuttable." The court buttressed this statement in the first sentence of the fourth paragraph: "In short, the result of the breath test is presumptive evidence and, like all evidence, may be accepted or rejected by you." Both of these quoted statements were consistent with the first sentence of the second paragraph of the instruction: the rule established by the statute "permits" the jury "to infer" that defendant was under the influence. The trial court avoided the first pitfall.

As to the second pitfall which a trial judge must avoid—not to tell the jury that the defendant has the burden of proof—we must consider each of the four paragraphs of the instruction. The first paragraph merely informs the jury of the existence of the statutory presumption. This court has held such language proper. *State v. Hansen*, 203 N.W.2d 216, 219–220 (Iowa). The second paragraph does not deal with burden of proof; it merely tells the jury the statute permits the jury to infer. The third paragraph tells the jury the inference is not conclusive but is rebuttable, and informs the jury that the inference does not shift the burden to defendant to prove that he was not under the influence nor change the ultimate burden of proof or deprive defendant of the presumption of innocence. The fourth paragraph tells the jurors they may accept or reject the statutory presumptive evidence. It also informs the jurors that they must find from all the proven facts and circumstances whether the State has sustained its burden of proving defendant guilty beyond a reasonable doubt. None of these paragraphs casts the burden of proof on defendant.

Defendant points to the first sentence of the third paragraph:

However, such inference is not conclusive, but it is rebuttable.

This compound sentence contains two parts. The first part does not say that defendant has the burden of proof; it simply and correctly informs the jury that the inference "is not conclusive." The jury is entitled to know this.

The second part of the sentence states that the inference "is rebuttable." Defendant argues this tells the jury that he has the burden to rebut it, and he cites the line of cases beginning with *State v. Hansen*, 203 N.W.2d 216 (Iowa).

The instruction in those cases, however, contained a second sentence which this trial court omitted. The paragraph involved in those cases read:

However, such inference is not conclusive, but is rebuttable. *It may be overcome or rebutted by evidence to the contrary.* (Italics added.)

This court held the italicized language we have quoted might have caused the jury to think the *defendant* had to produce evidence to dispel the inference. This is shown by the following passage from *State v. Hansen,* 203 N.W.2d 216, 220 (Iowa): "We recognize the instruction now under attack does not specifically require *defendant* to produce rebutting testimony; but it does demand that someone—either defendant or the State—do so *when it tells the jury the blood test results 'may be overcome or rebutted by evidence to the contrary.'*" (Latter italics added.)

This court has found language unobjectionable which is very similar to the second part of the sentence now before us—the inference "is rebuttable." The latest case in the *Hansen* series was decided on June 26, 1974, *State v. Prouty,* 219 N.W.2d 675 (Iowa). On July 31, 1974, this court decided *State v. Thornburgh,* 220 N.W.2d 579, 585 (Iowa). That case involved the common-law inference that a person possessing recently stolen goods stole the goods. As in the present case, the trial judge in that case omitted the objectionable language in *Hansen*: "may be overcome or rebutted by evidence to the contrary." After setting forth the inference, the instruction in the *Thornburgh* case read:

"The inference of theft may be rebutted."

While this court stated it may be considered advisable to omit that sentence, the court held the inclusion of the sentence was not subject to the challenge of casting the burden on the defendant; hence the court did not sustain the assigned error. The court adverted to the absence of the language found objectionable in *Hansen* regarding evidence to rebut the inference: "The instruction is not subject to the attack directed to the paragraph quoted earlier from the instruction considered in *Hansen* and those cases following that decision since it does not at any point convert the inference arising from the unexplained possession of recently stolen property into a conclusive presumption of guilt *if evidence is not produced to rebut it.*" 220 N.W.2d at 586 (italics added). Exactly the same may be said about the sentence in the present case, except that this sentence is stronger for defendant since it expressly adds that the inference is *not* conclusive. It is true that the *Thornburgh* instruction uses the word "rebutted" while the present one uses "rebuttable," but this variation does not seem significant.

We hold that defendant's exception to Instruction 11 is not well taken. The omission of the phrase "but it is rebuttable" in future instructions would possibly avoid appeals of this type. See II Iowa Uniform Jury Instructions, No. 520.8 (1970).

■ II. Defendant next contends that Instruction 11 conflicts with the evidence in that the State's expert expressed the result of the test in "milligram percent" rather than "hundredths of a percent" and also indicated on cross-examination that in his opinion a person would not be intoxicated at ten one-hundredths of a percent, the percent stated in § 321.281 of the Code.

The testimony shows, however, that the expert equated milligram percent to hundredths of a percent. At one point he testified:

The breath sample was found to contain alcohol corresponding to blood alcohol level of 130 milligram percent. Thirteen hundredths of one percent.

We do not find merit in the first part of defendant's objection.

■ The expert testified on cross-examination that at 50 to 60 milligram percent, alcohol has no effect; from 60 to 200 the

effect becomes more and more visible—loss of motor coordination, loss of inhibitions, slurred speech, clammy skin; above 200 the person would be drunk or intoxicated, completely under the influence—very poor motor coordination, staggering, very great loss of inhibitions; at 300 to 500 the symptoms keep increasing with most persons "passing out" at about 400; and at 500 death may occur.

We first do not agree that on the basis of this cross-examination a jury could not find a person under the influence of an intoxicating beverage at 130 milligram percent. But even if the expert's testimony tended in the direction defendant contends, the trial court would still be required to submit the case to the jury on the basis of the statutory inference. The cross-examination would merely rebut that inference.

We find no error here.

■ III. Defendant's third assignment of error is that the trial court erred in admitting the results of the breath test because the State introduced no evidence (1) that the devices and methods used by the officers were those approved by the Iowa Commissioner of Public Safety and (2) that in administering the test the officers used the approved devices and methods.

The State introduced extensive evidence at trial that the breathalizer test was approved by the Commissioner and how the test is administered—with an officer demonstrating its use before the jury.

The trial court record on which defendant must rely under his third assigned error was made during the testimony of an expert witness. The State called the expert to testify to the result of the breath test. After the usual testimony as to the qualifications of the witness and receipt and analysis of the breath sample, the county attorney asked the witness to state the result of the analysis. Defense counsel thereupon made an objection in the jury's presence. He completed two of his grounds of objection and started a third one: "Third, I think the case of *State v. Hanson* excludes—".

At this point the prosecutor objected that defense counsel was making an argument. The trial judge overruled defendant's objection, said that defense counsel was really making an argument in the presence of the jury, and stated that he and counsel would go from the room if defense counsel desired to dictate his objection into the record. Defense counsel stated he desired to make more record and counsel and the court went into chambers. Defense counsel then stated:

I made an objection which you have overruled and I would like to have the Court reconsider that. I gave two reasons in the courtroom and was giving my third reason when we adjourned here.

The third reason that I think the Court should reconsider its ruling on my objection is that there must be a showing that standards were adopted by the Commissioner and if adoptive [adopted?], what they were. Those standards should relate to the devices and methods used in administering chemical tests under Section 321B.4 of the Code of Iowa.

There is nothing in the record to show that any Commissioner set up any standards except by hearsay and I don't think that is sufficient. I think this second officer, Bliel, shouldn't have convinced the Court by any kind of competent evidence that the Commissioner did set up these standards.

I might just for the record indicate to you that Mr. Michael Sellers is the man who assured the legislature over and over again that he had plenty of—assured his tracis-computer and the legislature found that he didn't have anything on that. I think the Court has reason to believe that the Public Safety makes mistakes, and I think it is possible that they never did set up any devices and methods as required by this—the Supreme Court, and they don't have any standards set up by the Commissioner. I don't think that this test result should be admitted into the evidence and I don't think the jury should

be informed of it. The case was rendered and decided in 1972 and I think the Commissioner has had time to approve devices and methods and set up standards and there is no evidence here that he has.

Counsel then argued the objection. Defendant does not now urge the first two grounds of his objection—relating to addressing and mailing the sealed sample—and we give no consideration to them. As to the third ground, defense counsel argued to the trial court:

> And lastly, if [the prosecutor] thinks we are knit-picking or getting too technical, all I am asking is the Court is to require what the Supreme Court requires in *State versus Hanson,* and that is showing that the Commissioner did set up standards as to the administering of these tests and as to the approval of devices and methods in administering the tests. There is no showing that this has been done by the Commissioner.

At the conclusion of this discussion in chambers, the court overrruled defense counsel's objection.

Defense counsel made the third ground of his objection very clear in chambers: the State had not shown that the Commissioner had set up standards relating to devices and methods for the tests and what those standards are. The State meets this third ground head-on by arguing before us that the Commissioner had in fact adopted such standards; that they are incorporated in rules set out in 1973 Iowa Departmental Rules 788; and that the prosecutor was not required to prove those rules any more than the statutes, since the courts take judicial notice of them, citing *State v. Berch,* 222 N.W.2d 741 (Iowa).

We think however that this third assigned error turns on another point. Defendant does not now argue the third ground of his objection that the prosecutor did not show the Commissioner had adopted standards and what they are. Indeed, in his brief defendant quotes those standards verbatim from Iowa Departmental Rules.

Defendant now takes a different tack. He argues the Commissioner adopted standards but the prosecutor did not show that the devices and methods the officers *used* here were the ones which the Commissioner approved. That is not the contention defendant made in the trial court. We do not know how the trial court would have ruled on the contention defendant now makes or whether the prosecutor would have introduced further foundation evidence. Defendant's objection in the trial court was different from his present assigned error, and we therefore do not consider the assigned error. *State v. Coffee,* 182 N.W.2d 390 (Iowa); *State v. Mayhew,* 170 N.W.2d 608 (Iowa), second app. 183 N.W.2d 723; *State v. Torrence,* 257 Iowa 182, 131 N.W.2d 808. We do not intimate that the assigned error would be well taken had defendant objected on that basis in the trial court.

■ IV. Defendant's final assignment of error is unsupported by citation of any authority, and we do not consider it. *State v. Mattingly,* 220 N.W.2d 865 (Iowa).

Defendant's motion submitted with the appeal is sustained.

AFFIRMED.

All Justices concur except McCORMICK, RAWLINGS and LeGRAND, JJ., who dissent.

McCORMICK, Justice (dissenting from Division I).

I am unable to distinguish instruction 11 from the instructions disapproved by this court in *State v. Hansen,* 203 N.W.2d 216 (1972), and its progeny.

The vice in the instruction in *Hansen* was its third paragraph which provided:

> "However, such inference is not conclusive, but is rebuttable. It may be overcome or rebutted by evidence to the contrary."

Instruction 11 in the present case contained the first but not the second sentence of this disapproved paragraph. The remaining

language in instruction 11 is not substantially different from that held inadequate in *State v. Hutton,* 207 N.W.2d 581 (Iowa 1973), to cure the deficiency in the disapproved paragraph in the *Hansen* instruction.

The question here is whether the vice in the *Hansen* instruction is cured by elimination of the second sentence of the two-sentenced disapproved paragraph.

In the first sentence the jury is told, "However, such inference is not conclusive, but is rebuttable." The second sentence tells the jury how the inference can be rebutted: "It may be overcome or rebutted by evidence to the contrary". In *Hansen* we said this paragraph converts the inference to a conclusive inference if evidence is not produced to rebut it: "This is the same as instructing the jury that the presumption is conclusive *unless* rebutted by evidence to the contrary; and we say this is error." 203 N.W.2d at 220.

The majority opinion here finds a difference between the message conveyed in the offensive paragraph of the *Hansen* instruction and the message conveyed in the challenged paragraph of instruction 11. I do not. I do not believe any substantive difference in meaning exists between the portion of the first sentence which says "but is rebuttable" and the second sentence in the *Hansen* instruction which told the jury, "It may be overcome or rebutted by evidence to the contrary". How else would a rebuttable inference be rebutted? The problem here, as in *Hansen,* originates in the implication from the use of the word "conclusive" in the first sentence. In its haste to tell the jury the inference is not conclusive the court qualifies it only by pointing out it is rebuttable, i. e., it may be overcome by evidence. The implication is that if it is not rebutted, it *is* conclusive. However, at the core of the holding in *Hansen* and its progeny is the concept that the jury must not be led to believe the inference is conclusive unless rebutted. Even in the absence of rebutting evidence, the inference is not conclusive. The jury is free to refuse to give any weight to the inference. It is only when the jury does choose to give it weight that the fact it is rebuttable has significance.

The vice of the *Hansen* instruction was overcome in the instruction approved by this court in *State v. Berch,* 222 N.W.2d 741 (Iowa 1974). The *Berch* instruction was substantially the same as Uniform Bar Instruction 520.8, which is as follows:

"A statute of this State provides that if there is evidence that a person operating a motor vehicle upon a public highway, had at the time of said operation, more than ten one-hundredths of one percentum by weight of alcohol in his or her blood, the same shall be presumptive evidence that such person was then under the influence of an alcoholic beverage.

"The rule established by the foregoing statute permits, but does not require, the jury to infer that the defendant was under the influence of an alcoholic beverage if it is found by the jury that at the time defendant was driving an automobile on the public highway his blood contained more than ten one-hundredths of one percentum by weight of alcohol."

Compare II Uniform Jury Instructions, Criminal, No. 520.8 (1973) with *State v. Berch,* supra, at 745–746. In *Berch* this court held the trial court properly refused a requested instruction which included the first sentence of the paragraph disapproved in *Hansen.* 222 N.W.2d at 746.

*State v. Thornburgh,* 220 N.W.2d 579 (Iowa 1974), relied on in the majority opinion, is distinguishable. There the instruction did not say an inference could avoid being conclusive if rebutted. The instruction did not attempt to explain the inference in negative terms. It did not include either sentence of the offensive paragraph in *Hansen.* Instead it informed the jury that if the State proved the defendant was in recent possession of stolen property, "then you may, *but are not required to,* infer that defendant stole it". It is true the

instruction also told the jury, "The inference of theft may be rebutted." However, this was not part of a statement like the first sentence of the *Hansen* paragraph and did not suggest a failure of rebuttal evidence would make the inference conclusive. It was in a context in which emphasis was given to the mere permissive nature of the inference in the first place. Nevertheless, to avoid the possibility of misunderstanding, we suggested the statement be omitted on retrial.

I would hold the instruction here comes within the *Hansen* case rather than the *Thornburgh* case and would reverse and remand for new trial.

RAWLINGS and LeGRAND, JJ., join in this dissent.