## THE STATE v. HARTZELL.

1. **Criminal Law**: INSTRUCTIONS: CONTRADICTORY. Where the instructions are voluminous and confused, and lay down two contradictory rules for the guidance of the jury, and it appears that the jury may have adopted the erroneous instead of the correct rule, the judgment will be reversed.

2. ———: ACCIDENTAL HOMICIDE: INSTRUCTION. As there was evidence in the case tending to sustain the claim that the blow which caused the death was accidental, the jury should have been instructed as to the law in relation to accidental killing.

*Appeal from Taylor District Court.*

THURSDAY, JUNE 8.

THE appellant and his brother George Hartzell were jointly indicted and charged with the crime of manslaughter. There was a separate trial and the defendant was found guilty and judgment thereon having been rendered he appeals.

*L. T. McConn, G. W. Howe* and *Mark Atkinson*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, CH. J.—As claimed by the defendant the evidence tended to show he was a night watchman or police officer of the town of Lennox and that the deceased and

1. CRIMINAL law; instructions: contradictory.

others, about nine o'clock on Sunday night were creating a disturbance in the streets of said town

and after vain efforts on the part of the defendant to get the parties to go home the defendant arrested the deceased with the aid of the said George Hartzell whom he had called to assist him and they were taking the deceased to the jail when the latter struck the said George knocked him down and jumped on him with one or both feet, whereupon the defendant for the purpose of protecting his brother and in self-defense, accidentally struck the deceased on the head with a "billy." The evidence tended to show the blow caused the death of the deceased. The theory of the State is materially different. It being claimed by the prosecution the defendant was not a peace officer authorized to make arrests and that the deceased did not strike George Hartzell immediately before the fatal blow was struck. The court instructed the jury as follows: "If you find that the defendant and one George Hartzell had in their custody and under arrest one Andrew Kennedy, charged with having committed a misdemeanor, and that they were conducting said Kennedy to jail, and that while so doing Kennedy made an assault upon them with his hands only; if you find that the defendant and George Hartzell were men of equal strength with said Kennedy, and that defendant and George Hartzell had no reasonable grounds for fear of receiving great bodily harm or loss of life, and that they could have restrained and prevented the escape of said Kennedy without the use of a deadly weapon, then defendant had no right to make use of, or assault said Kennedy with, a deadly weapon, and if you find he did so and thereby caused the death of said Kennedy, then you will find the defendant guilty as charged."

The objection made to this instruction is, that *both* the defendant and George Hartzell must have had reasonable ground to believe they would *both* receive bodily harm before the defendant would be justified in using a deadly weapon. That the instruction must be so construed there is no doubt. This is practically conceded by the Attorney-general. The instruction is clearly erroneous because the defendant would have been justified in using a deadly weapon, if he had reasonable

The State v. Hartzell.

grounds to believe that he *alone* would receive great bodily harm if he did not do so. The Attorney-general does not claim otherwise, but he insists that there are other instructions in which the rule is stated differently. It is true that in the thirty-first, and perhaps other instructions, it is said if either the defendant or his brother were in danger of receiving great bodily harm then the defendant was justified in using a deadly weapon. One great difficulty in the case is the instructions are too voluminous and therefore tend to confuse. But the best that can be said is two rules have been laid down for the guidance of the jury and they may have adopted the erroneous instead of the correct rule. The instructions are contradictory and therefore liable to confuse. As there must be another trial we deem it proper to say it will conduce to a fair trial if the court will omit defining the crime of murder, and also any lesser crime than manslaughter, if upon such trial the evidence is the same as that contained in the present record because the defendant is guilty of manslaughter or he is not guilty. The defendant admits that he struck the fatal blow. Unless he was justified in so doing, as death ensued, he is guilty of manslaughter.

Complaint is made that the court failed to direct the attention of the jury to the claim made by the defendant that the blow which caused the death was accidental. As there was evidence tending to sustain the claim the law in relation to an accidental killing should have been given the jury. The court instructed the jury as to when a person other than an officer may justify the use of a deadly weapon. The rule of the instruction is not objected to, but it is said there was no evidence upon which it could be based. But we think there was at least some evidence so tending, and it was for the jury to say whether it was sufficient or not.

2. ——: accidental homicide : instruction.

REVERSED.