**STATE of Iowa, Appellee,**

v.

**Christopher William MATTINGLY, Appellant.**

No. 55894.

Supreme Court of Iowa.

July 31, 1974.

Marvin V. Colton, Centerville, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and James S. Craver, County Atty., for appellee.

Heard before MOORE, C. J., and LeGRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant Christopher Mattingly appeals his conviction for delivery of a schedule I controlled substance in violation of § 204.-401(1), The Code. He was found guilty by a jury, fined $250, and sentenced to prison for a term not to exceed five years. We affirm.

On September 11, 1972, Sheriff Harry Robertson and officer Gerald Banks arrested the defendant in Centerville, Iowa, for selling marijuana to Mrs. Bonnie Conger. Earlier that day Mrs. Conger had met with the two officers and Father Irwin Foster (a local Episcopalian priest) to make arrangements for her to effect a "buy" from defendant. The officers gave Mrs. Conger ten one dollar bills with which she was to make the purchase. The serial numbers of the bills had been recorded. The officers instructed Mrs. Conger to give them a pre-arranged signal when the purchase was made. She was then to return to Father Foster's home and wait for the officers.

Mrs. Conger met with the defendant in her car in downtown Centerville. They drove off and returned to the same spot a short time later. The defendant then left Mrs. Conger's car and she drove away in a direction pre-designated as a signal to the officers that a "buy" had been made. All of this was observed by the two officers parked nearby who then arrested defendant as he walked away. Defendant was taken to the police station where he was searched. Serial numbers of five one dollar bills taken from his clothing matched five of the bills given to Mrs. Conger.

After leaving the defendant, Mrs. Conger drove to Father Foster's home, gave him the remaining five one dollar bills and a bag of plant-like material, then left. Sheriff Robertson and officer Banks arrived a short time later and took custody of the money and the bag from Father Foster. The contents of the bag proved to be marijuana.

Defendant assigns six errors as grounds for reversal. They will be considered in the order raised by defendant.

I. Defendant asserts trial court erred in failing to suppress the evidence taken from defendant during the post-arrest search. It is urged the money was taken from defendant's person in violation of his constitutional right to be free from unreasonable search and seizure as guaranteed by the United States Constitution, amendment 4, and the Iowa Constitution, Article I, section 8.

■ The efficacy of defendant's contention depends upon the legality of the arrest. If the arrest was legal the warrantless search was proper as incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Evans, 193 N.W.2d 515 (Iowa 1972). If the arrest was illegal the search was invalid and the evidence should have been suppressed. Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

■ In Iowa, a valid warrantless arrest may be made by a peace officer when he "* * * has reasonable ground for believing that an indictable public offense has been committed and has reasonable ground for believing that the person to be arrested has committed it." Section 755.-4(3), The Code. The "reasonable ground" standard is consistent with the federal constitutional standard of probable cause needed to make a valid warrantless arrest. United States v. Berryhill, 466 F.2d 621, 624 (8 Cir. 1972), cert. denied, 409 U.S. 1046, 93 S.Ct. 547, 34 L.Ed.2d 498 (1972). Such reasonable ground exists when the known facts and circumstances would lead a reasonably cautious man to believe a crime is being or has been committed. State v. King, 191 N.W.2d 650, 653 (Iowa 1971), cert. denied, 406 U.S. 908, 92 S.Ct. 1617, 31 L.Ed.2d 819 (1972), and citations. The existence of reasonable ground (probable cause) is dependent upon the facts of each case. State v. King, supra.

■ The arresting officers in this case conceded Mattingly was arrested solely on the basis of the information and signal given by Mrs. Conger. Defendant argues this is insufficient to establish probable cause for arrest because Mrs. Conger was an informant whose reliability was not established by the officers before the arrest. See, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). This court has never decided a case in which probable cause for a warrantless arrest was based solely upon information provided by an informant. Nor does this appeal confront us with such issue.

Mrs. Conger was not an informant in the sense used in Draper, supra. She acted as an uncompensated volunteer police agent by participating in the perpetration of a felony at a pre-arranged time and place and by giving the police a signal that the crime had been committed.

The distinction between this type of activity and the services performed by a typical informant is crucial. Information

gained from an informant is frequently found to be vague, speculative or based upon second-hand knowledge. There is ample justification for requiring a substantial showing of reliability before making an arrest under those circumstances. Such is not the type of information as would lead a reasonably cautious person to believe a crime had been committed.

By contrast, in this case, Mrs. Conger informed the police a felony was about to be committed, participated in the felony within their view, then immediately signalled first-hand, exact knowledge to them. Information of this type would lead a reasonably cautious person to believe a crime had been committed.

We do not by this rationale intend to narrow the federal and state constitutional protections. We do intend to avoid the pitfalls of a mechanistic approach to a problem which can, and should, be considered in light of common sense and practical experience. *See,* United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

Under all of the circumstances we hold probable cause for arrest existed and no error was committed in refusing to suppress the evidence.

II. Defendant's second assignment of error lists twenty instances in which it is claimed prejudicial hearsay was admitted over proper objection. It would serve no purpose to discuss in detail each of these allegations. A substantial number of the cited statements were not hearsay at all. We have recently defined hearsay as an assertion "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ruden v. Hansen, 206 N.W.2d 713, 717 (Iowa 1973). Thus, on those several occasions when defense counsel entered hearsay objections to testimony which only reflected what the witness himself observed, thought or stated, the objections were properly overruled.

Defendant correctly asserts there were numerous other instances in which testimony was improperly admitted over a hearsay objection. Much of this improper testimony related to signals Mrs. Conger was to use and to general knowledge of the presence of drugs in the community. Of course, prejudice is presumed when error appears unless the contrary is affirmatively established. Vine Street Corporation of City of Council Bluffs, Iowa, 220 N.W.2d 860. We have reviewed the entire record and find affirmatively that defendant's rights have not been injuriously affected nor has he suffered a miscarriage of justice as a result of the errors. *See,* State v. Kelsey, 201 N.W.2d 921, 927 (Iowa 1972); State v. Mayhew, 170 N.W. 2d 608, 619 (Iowa 1969). In each instance in which a fact was introduced into the record by hearsay, the out-of-court declarant was called, testified to substantially the same facts, and was cross-examined by defense counsel. Under such circumstances there is no prejudicial error. *See,* State v. McCollom, 260 Iowa 977, 983, 151 N.W.2d 519, 522 (1967).

III. Defendant contends the court erroneously admitted into evidence two bags of marijuana for which no proper foundation had been developed. Exhibit Two was offered by the State as the bag of marijuana which defendant sold to Mrs. Conger. Defense counsel timely objected that "there is still hearsay as to its path from the witness Conger and the witness Gerald Banks * * * that no proper foundation has been laid for its introduction."

In Iowa a "no proper foundation" objection must be sufficiently specific to allow the adverse party an opportunity to correct any defect. State v. Buchanan, 207 N.W.2d 784, 788 (Iowa 1973); State v. Entsminger, 160 N.W.2d 480, 482–483 (Iowa 1968). The objection entered in the instant case strains the outer limits of acceptability but was arguably sufficient to preserve error. It rather obliquely refers to a break in the chain of

custody of Exhibit Two between the time Mrs. Conger possessed it and the time it came into the hands of officer Banks. Since the State claimed only Father Foster possessed the exhibit during that period of time, it was put on notice of the claimed defect in its foundation evidence.

We are thus presented with the question whether the State failed to establish a vital link in the custody chain of Exhibit Two by failing to have Father Foster testify concerning the circumstances of his possession of it. The law in Iowa on proof of chain of custody has recently been summarized in State v. Lunsford, 204 N.W.2d 613 (Iowa 1973), a case also dealing with marijuana, and will not be repeated here. It is sufficient to state that in introducing an exhibit of marijuana, which by its nature is susceptible to tampering, the State is required to prove a chain of custody sufficiently elaborate to make it reasonably probable no tampering or substitution occurred. State v. Lunsford, supra, at 616–617; State v. Limerick, 169 N.W.2d 538, 542 (Iowa 1969). Although direct testimonial proof of each link in the chain is preferred, in exceptional cases the chain of custody foundation may be established by circumstantial evidence. State v. Lunsford, supra, 204 N.W.2d at 617. The evidence in this case establishes the necessary chain.

Mrs. Conger identified Exhibit Two as the same bag she handed to Father Foster. Foster did not directly identify the bag but did testify that he gave the officers "what I had been handed, the package and also the money." Officer Banks identified Exhibit Two as "what Father Foster gave us at that time." Further, there is no reasonable probability that Father Foster had either the capability or desire to alter the exhibit. He did not know that he would have custody of the exhibit until he received it, nor is there any reason to believe he had possession of any marijuana with which he could make a substitution. Foster had no apparent means of determining the bag did not contain marijuana. The exhibit was in his possession for only a brief period of time before the officers picked it up. There is no evidence that Father Foster had reason to do anything but hand over the evidence to the police.

The chain of custody established by the State was sufficient to show it was reasonably probable the exhibit was not altered. There was no abuse of discretion in admitting Exhibit Two.

Defendant objected to the introduction of Exhibit Three into evidence by claiming "no proper foundation" had been laid. No error is preserved for appeal by this general objection. State v. Buchanan, supra.

IV. Defendant asserts trial court erred in refusing to grant a mistrial after Sheriff Robertson testified concerning matter which had been suppressed by pre-trial order. The police had seized some marijuana in an illegal search of defendant's residence. This evidence was properly suppressed by the court. However, Sheriff Robertson, when asked to identify Exhibit Three, mistakenly made a brief reference to it as evidence taken from defendant's home. Defendant moved for a mistrial and alternatively to have the testimony stricken. The motion to strike was granted and the jury admonished to disregard the testimony.

We have often held trial court has considerable discretion in deciding whether or not to grant a mistrial. State v. Cage, 218 N.W.2d 582 (Iowa 1974); State v. Warren, 212 N.W.2d 509 (Iowa 1973); State v. Fox, 257 Iowa 174, 131 N.W.2d 684 (1964). As a general rule the prejudicial effect of improper testimony may be avoided by striking it from the record and giving an ejaculatory instruction to the jury. State v. Peterson, 189 N.W.2d 891, 896 (Iowa 1971); State v. Coffee, 182 N.W.2d 390, 392 (Iowa 1970); State v. Carey, 165 N.W.2d 27, 32 (Iowa 1969). Only in those exceptional cases in which the prejudicial

effect of the testimony cannot be eliminated will such an instruction be insufficient. State v. Wright, 203 N.W.2d 247, 251 (Iowa 1972); State v. Coffee, supra, and citations.

In this case Sheriff Robertson immediately corrected his identification of the exhibit without referring in any way to the suppressed evidence. In making the objection and motion defendant conceded the initial reference was unintentional. No other witness mentioned it. Additionally, Sheriff Robertson's improper testimony was not so highly inflammatory nor so irrevocably prejudicial to lead us to believe the jury would disregard the judge's clear admonition. *See,* State v. Vickroy, 205 N. W.2d 748, 751 (Iowa 1973); State v. Wright, 203 N.W.2d 247, 251 (Iowa 1972). The general rule that an admonition is suffient to avoid prejudice is applicable. We find no abuse of discretion.

■ V. Defendant argues trial court erred in not allowing defense counsel an opportunity to object to the court's instructions to the jury and in not allowing an opportunity to request additional instructions. Defendant apparently felt entitled by the evidence to an instruction on entrapment. We consider the complaint on its merits although in our view the record would not justify such an instruction.

It is clear defendant was entitled to an opportunity to make his objections. Section 780.35, The Code; rule 196, Rules of Civil Procedure; State v. Holder, 237 Iowa 72, 20 N.W.2d 909 (1945). In this case we are unable to clearly ascertain whether defense counsel was given such opportunity although it is apparent no objections were made. But defendant did not avail himself of the right granted by R.C.P. 196 to file requested instructions. Ordinarily a defendant who fails to request an instruction on his theory of affirmative defense is in no position to complain when the court does not instruct on such theory. State v. Youngbear, 203 N.W.2d 274 (Iowa 1972); State v. Anderson, 240 Iowa 1090, 38 N. W.2d 662 (1949) and citations.

In addition, defendant did not assert the alleged lack of opportunity to take exceptions to instructions as a ground in any of his several post-trial motions, nor did he avail himself of his plain right under § 787.3(5), The Code, to take exceptions in his motion for new trial, if in fact he was denied a prior opportunity. Absent compelling reason, we do not consider matter raised for the first time on appeal. State v. Nepple, 211 N.W.2d 330, 333 (Iowa 1973); State v. Beer, 193 N.W.2d 530, 532 (Iowa 1972); State v. Clark, 187 N.W.2d 717 (Iowa 1971). We find no such compelling reason in this case.

■ VI. Defendant's final contention is an attack upon the constitutionality of § 204.401(1), The Code, under which he was convicted. He argues the punishment provided for violation of § 204.401(1) is "cruel and inhuman" and violates his rights to due process and equal protection of the laws. No authority has been cited in support of any of these contentions. We are under no compulsion to review any assignment of error when the complaining party cites no authority in support of his argument. The assignment is deemed waived. State v. Baker, 203 N.W.2d 795, 796–797 (Iowa 1973); State v. Masters, 171 N.W.2d 255, 258 (Iowa 1969), cert. denied, 397 U.S. 1052, 90 S.Ct. 1391, 25 L. Ed.2d 667 (1970).

Affirmed.