**STATE of Iowa, Appellee,**

v.

**Daniel Eugene GARREN, Appellant.**

**No. 56685.**

Supreme Court of Iowa.

Aug. 28, 1974.

Robert H. Laden, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., and Ray A. Fenton, Co. Atty., for appellee.

Heard before MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

Defendant was convicted of violating § 706.2, The Code, by "maliciously, forcibly, or fraudulently" taking and enticing away Kelly Ann Carmichael, a child under the age of 16 years, with intent to detain or conceal her from her natural parents. He was sentenced to serve a term of not more than 10 years in the penitentiary, and he appeals from that judgment. We affirm the trial court.

Briefly, the facts upon which this appeal rests are as follows: Kelly Ann Carmichael, 11 years of age, was stopped by a man near her home on the evening of February 7th, 1973. He forced her into his car, took her to a deserted area, and there compelled her to remove her clothes. She was sprayed in the face with a substance described as starting fluid. She was also rendered unconscious, probably by blows about the head and face. Her assailant then abandoned her, and she was later rescued by a passing motorist.

Defendant asserts these two issues are grounds for a new trial: (1) the trial court erred in overruling his motion in limine which sought to suppress evidence of another crime; and (2) the trial court erred in overruling his motion for a mistrial because of prosecutorial misconduct.

I. At the outset we repeat what we have often said before. A ruling which denies a motion in limine cannot be the basis for appeal. The error, if any, in such ruling must be preserved by proper objection at trial when the challenged evidence is offered. State v. Hinsey, 200 N. W.2d 810, 817 (Iowa 1972); State v. Garrett, 183 N.W.2d 652, 654 (Iowa 1971); cf. State v. Cage, 218 N.W.2d 582, 586 (Iowa 1974).

A review of the transcript discloses much of the evidence now claimed to be objectionable went in without protest while timely objection was made as to other portions. Since it is virtually impossible to

review the matter without considering the evidence in its entirety, we treat this issue as though proper and timely objection had been made in each instance.

Defendant's complaint goes to evidence introduced by the State to show the circumstances surrounding the abduction of the young victim and the events which occurred while she was held captive. This included testimony that she was struck and beaten. It also included evidence from which the jury could find defendant had attempted to rape the girl. The only error relied on is that this evidence should have been excluded because it tended to establish a crime other than the one for which defendant was on trial. Actually two other crimes are involved—assault and battery and assault with intent to commit rape—but the objection is directed only toward evidence of the latter.

In substance, there was evidence that defendant struck and beat Kelly Ann; that the external vaginal area was "red and bruised" with "a small amount of blood present just inside the hymenal ring; " that seminal stains were found on Kelly Ann's clothing; and that certain hairs taken from her clothing "were consistent" with hair samples from defendant's head.

■ We believe this evidence was admissible on either of two theories, even though it disclosed the commission of other and separate crimes. In the first place, we have repeatedly held that events and circumstances which immediately surround an offense may be shown even though they may incidentally show commission of another crime. State v. Drake, 219 N.W.2d 492, 494 (Iowa 1974); State v. Lyons, 210 N.W.2d 543, 546 (Iowa 1973); State v. Wright, 203 N.W.2d 247, 251 (Iowa 1972); State v. Holoubek, 246 Iowa 109, 113, 66 N.W.2d 861, 863 (1954); State v. Robinson, 170 Iowa 267, 276, 152 N.W. 590, 593 (1915).

■ We believe there is a second reason this evidence was properly admitted. The

general rule, of course, is that evidence of crimes other than the one for which a defendant is then on trial is inadmissible unless it tends to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, or (5) identity of the person charged with the commission of the crime. State v. Wright, 191 N.W.2d 638, 639–640 (Iowa 1971).

■ The evidence heretofore related was clearly admissible on the question of motive.

The victim of this crime was an 11-year-old girl, whose testimony was crucial to the prosecution. In some respects she was vague and uncertain, and she was described as "young and immature" for her age. For instance, she testified she first said she had been raped because she thought that meant "being beat up." Under such circumstances the jury might well have discounted the little girl's story as unlikely in the absence of some showing as to why defendant spirited her away, beat her, and then left her. Motive therefore became highly relevant, and the disputed evidence, establishing as it did, that defendant's conduct was prompted by lustful desire was admissible.

■ II. Defendant also claims the prosecutor was guilty of misconduct in asking defendant on cross-examination if it was true he had left his victim "out there to die." Objection to this question was made and sustained. Defendant's prompt motion for a mistrial was overruled. Again we believe the trial court was correct.

While we doubt the question was improper, we need not decide that matter. The issue before us is whether defendant was entitled to a mistrial on the ground the mere *asking* of the question was prejudicial even though the objection was sustained.

Ordinarily the trial court is better able than we to determine when a mistrial is justified. We therefore accord it broad discretion in such matters. State v. Cage, 218 N.W.2d 582, 586 (Iowa 1974); State v. Horsey, 180 N.W.2d 459, 461 (Iowa 1970); cf. State v. Levy, 160 N.W.2d 460, 466, 467 (Iowa 1968). By sustaining the objection, the trial court held the question was improper; by overruling the motion for mistrial, it found no prejudicial effect. There was no abuse of discretion here. In fact, we believe the ruling was eminently correct.

The judgment of the trial court is accordingly

Affirmed.