STATE of Iowa, Appellee,

v.

John Patrick GUESS, Appellant.

No. 55847.

Supreme Court of Iowa.

Nov. 13, 1974.

William F. Denman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Michael Hansen, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant John Patrick Guess appeals from judgment entered upon conviction for delivery of a controlled substance in violation of § 204.401(1), The Code. He was sentenced to the men's reformatory for a term not to exceed five years and fined $100. We affirm.

Under the record made at trial, the jury would have been justified in finding the facts we now detail. On September 28, 1971, defendant and Steven Thomas Ryan met Allan R. Way in an apartment on Grand Avenue in Des Moines. Way was a special agent with the Division of Narcotics and Drug Enforcement of the Department of Public Safety.

The parties sat around a table upon which Ryan placed a quantity of hashish. Way asked for the price and Ryan said it was $100. Way offered $90. Ryan looked at defendant who shook his head "no" and Ryan restated the price to be $100. Defendant told Way it was a good price because he had smoked some of the same type of hashish and it was of high quality. He also told Way how the hashish could be broken up in order to maximize profits on resale.

In response to Way's questioning defendant stated he could get six or seven more ounces of hashish but in all deals "such as that afternoon" Ryan would handle the drugs because defendant was on probation for sale of marijuana. Way asked about 300 "hits" of mescaline he was supposed to have received with the hashish. Defendant said he had been unable to find his connection but would try to get the mescaline that evening. After the hashish sale was completed Guess and Ryan departed. Both were arrested some time later.

Defendant and Ryan were informed against jointly for delivery of a controlled substance. The information was later amended to alternatively charge each with aiding and abetting in the crime. They were tried separately.

■ I. Defendant now asserts, for the first time, no "aiding and abetting" charge exists under the language of § 204.401, The Code.

Section 688.1, The Code, provides, *inter alia*:

"*  *  * all persons concerned in the commission of a public offense, whether

they directly commit the act constituting the offense, or aid and abet its commission, * * * must hereafter be indicted, tried, and punished as principals."

We find no language in chapter 204, The Code, precluding the operation of this section. Thus the crime exists and the "aiding and abetting" language was mere surplusage. This assignment is without merit.

■ II. Defendant contends trial court erred in overruling what defendant designates a pre-trial motion in limine pertaining to defendant's statements to agent Way that he could get more drugs but Ryan would handle the actual transactions as Guess was already on probation from a drug conviction. Despite defendant's label we are convinced the motion, coupled with a concurrent and co-extensive standing objection to the evidence, was an attempt to obtain a ruling on the evidence which would entirely preclude its admission at trial. It was thus more akin to a motion to suppress than a motion in limine and will be treated as such. See Twyford v. Weber, 220 N.W.2d 919, 923 (Iowa 1974). By this motion defendant asserted admission of this evidence,

> " * * * would violate the Fifth, Sixth, and Fourteenth Amendments to the Constitution, which guarantees the Defendant a fair trial and guarantees the Defendant he will not have to testify against himself, and requires the State to prove a case against him; * * * the State, using a statement like this, could only be used for prejudicial purposes to prejudice the jury against the Defendant, and it is totally unnecessary for use in the State's case. * * * "

This motion preserved error if it called trial court's attention to particular grounds upon which inadmissibility is now asserted. State v. Evans, 193 N.W.2d 515, 518 (Iowa 1972). On appeal defendant argues admission of the evidence violated both our rule against the admissibility of evidence of other criminal acts [see State v. Garren, 220 N.W.2d 898, 900 (Iowa 1974)] and defend-

ant's so-called *Miranda* rights. The vague, generalized motion entered herein did not specifically apprise trial court of either ground. See State v. Hendren, 216 N.W.2d 302, 304–305 (Iowa 1974). As no issue was preserved by defendant's motion we consider only asserted error based on admission of evidence properly objected to at trial.

■ III. Thus limited, the only trial objection entered by defendant concerned Way's testimony relating defendant's promise he would deliver mescaline to the agent later that day. Defendant asserts the overruling of this objection was inconsistent with a subsequent ruling and was erroneous. We first consider the alleged inconsistency. Subsequent to the admission of the mescaline testimony Way was asked about conversations he may have had with Ryan concerning defendant. A hearsay objection to this testimony was sustained. It is apparent the two subjects of testimony were wholly unrelated and the objections were on entirely different grounds. There was no inconsistency in trial court's rulings.

■ We must still consider whether the mescaline evidence was admissible. This drug was to have been delivered in the same transaction from which this charge arose. The promise to deliver mescaline was made simultaneously with the hashish sale. Under these circumstances, this evidence was admissible under the rule stated in State v. Drake, 219 N.W.2d 492, 494 (Iowa 1974):

> "The state is always entitled to show what actually happened at the time of the offense. The fact that this may necessarily include recitation of the commission of another crime or other unfavorable circumstances does not render such evidence inadmissible."

See State v. Garren, supra, 220 N.W.2d at 900; State v. Lyons, 210 N.W.2d 543, 546 (Iowa 1973); 1 Wigmore on Evidence, § 218, pp. 719–22. Although not argued by the State, we note this testimony would also be admissible under the admission rule discuss-

ed in State v. Ritchison, 223 N.W.2d 207 (Iowa, filed November 13, 1974).

▪ IV. Defendant's motion for new trial, denial of which is assigned as error, largely consisted of contentions we have already considered and rejected. To those, defendant added an allegation of improper closing argument by the county attorney. We have no record of those arguments and thus cannot consider their propriety. State v. Kendrick, 173 N.W.2d 560, 563 (Iowa 1970).

The judgment below is affirmed.

Affirmed.