STATE of Iowa, Appellee,

v.

Richard E. LEINS, Appellant.

No. 57855.

Supreme Court of Iowa.

Oct. 15, 1975.

David P. Miller, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Edward N. Wehr, Scott County Atty., for appellee.

Heard before MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves, among other issues, an attack upon the constitutionality of the Iowa statute prohibiting delivery of marijuana, §§ 204.204(4)(j) and 204.401, Code 1975.

Brian Moreland and defendant Richard E. Leins were acquaintances. Moreland was charged with receiving stolen property and was later convicted. He became acquainted with officers in the organized crime unit of the police department at Davenport, Iowa, and acted as an informant for them.

According to Moreland, on several occasions prior to December 27, 1973, defendant asked him to sell drugs. Moreland refused but said he might know someone who would sell them. Moreland contacted police officers and set up a meeting between them and defendant on December 27.

At the appointed time, two police officers functioning as undercover agents met defendant and Moreland at a supermarket parking lot. The officers and defendant conversed. Defendant had a canvas bag containing five pounds of marijuana which he said came from Jamaica, some white cross pills, and a pistol in a shoulder holster which he rested in his lap during the conversation. The officers and defendant bargained over the price for the marijuana; defendant asked $800, which the officers said was too high. Eventually defendant got an electronic calculator out of the canvas bag, and then offered to take $775. The officers and defendant finally agreed on $750, which the officers paid him. Defendant handed the five pounds of marijuana to one of them. Moreland testified he did not take part in the transaction or receive any of the money.

Subsequently the county attorney charged defendant with delivery of marijuana. Defendant stood trial, a jury found him guilty, and the trial court sentenced him. Defendant then appealed, asserting three principal grounds for reversal.

I. *Unconstitutionality of Statute.* By demurrer before trial and motion during trial, defendant challenged the constitutionality of the statute we have cited under which the prosecutor charged him. The trial court overruled the challenges. Most of defendant's basic contentions we rejected in *State v. Hall,* 227 N.W.2d 192 (Iowa), and *State v. Smith,* 219 N.W.2d 655 (Iowa).

■ We will not hold a statute unconstitutional unless it clearly, palpably, and without doubt infringes the constitution. *Keasling v. Thompson,* 217 N.W.2d 687 (Iowa); *State v. Vick,* 205 N.W.2d 727 (Iowa). Defendant primarily argues that laws against marijuana abridge the people's right to the pursuit of happiness under the Ninth Amendment to the United States Constitution, citing *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed. 2d 510. See also *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542.

■ We do not think defendant's rights under the Ninth Amendment are violated. In the first place, the State charged defendant with delivery of a controlled substance, not mere possession. See *United States v. Maiden,* 355 F.Supp. 743 (D.Conn.). Second, even if the State had charged mere possession, defendant's rights under the Amendment would not be violated. Such decisions as *Griswold* and *Stanley* do not invalidate statutes prohibiting possession of contraband, even in the home. See *Stanley v. Georgia,* 394 U.S. at 568 n. 11, 89 S.Ct. at 1249–1250 n. 11, 22 L.Ed.2d at 551 n. 11 ("What we have said in no way infringes upon the power of the State or Federal Government to make possession of other items, such as narcotics, firearms, or stolen goods, a crime."). We reject defendant's Ninth Amendment argument.

Defendant also argues that the Iowa statutory ban on marijuana is unreasonable in light of the mere taxation and regulation of such items as alcohol and tobacco. In similar vein he argues that the penalty provisions in our statute unreasonably treat addicts differently from non-addicts. Essentially this is a claim of invalid classification—an equal protection argument.

■ In connection with classification, we said this in *Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa):

[T]he classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. . . . It does not deny equal protection simply because in practice it results in some inequality; practical problems of government permit rough accommodations; and the classification will be upheld if any state of facts reasonably can be conceived to justify it.

We cannot hold that the differentiations of alcohol and tobacco from marijuana and of addicts from non-addicts are patently arbitrary and without rational relationship to legitimate government interests. See *State v. Hall*, 227 N.W.2d 192 (Iowa); *United States v. Kiffer*, 477 F.2d 349 (2 Cir.), cert. den. 414 U.S. 831, 94 S.Ct. 165, 38 L.Ed.2d 65.

■ Defendant argues further that placing marijuana in a class with such drugs as LSD is unreasonable. We reject this argument for reasons enunciated in *Rener v. Beto*, 447 F.2d 20 (5 Cir.), app. dism. 405 U.S. 1051, 92 S.Ct. 1521, 31 L.Ed.2d 787; *State v. Wadsworth*, 109 Ariz. 59, 63, 505 P.2d 230, 234 ("we believe there was a reasonable basis for the classification of marijuana with the narcotic drugs"); *People v. Stark*, 157 Colo. 59, 400 P.2d 923; *State v. Kantner*, 53 Haw. 327, 493 P.2d 306, cert. den. 409 U.S 948, 93 S.Ct. 287, 34 L.Ed.2d 218; and *State v. Burrow*, 514 S.W.2d 585 (Mo.).

■ Defendant next argues that the penalties in the Uniform Controlled Substances Act, under which the jury found him guilty, are more severe than the penalties in the adulteration and labeling act and in the drug and cosmetic act, chapters 203 and 203A, Code 1975. Since those acts deal with conduct different from that covered by the controlled substances act, an obvious basis for different penalties exists. The differentiation is constitutionally valid. *McDonald v. Board of Election Comm'rs*, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739; *Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563.

■ Defendant argues that the standards for classifying substances in the controlled substances act are so vague as to be beyond the perception of ordinary people. His argument seems to be directed to the guidelines in the act for the use of the state pharmacy examiners in making recommendations to the legislature for updating the schedules, § 204.201. Our examination of the controlled substances schedules themselves, which unlike the guidelines of § 204.-201 apply to the public, reveals no vagueness under the tests we applied in *State v. Aldrich*, 231 N.W.2d 890 (Iowa), and *State v. Kueny*, 215 N.W.2d 215 (Iowa).

Finally on this branch of the case, defendant argues that the controlled substances act unconstitutionally fails to provide for public hearings prior to action by the state pharmacy examiners relative to changes in schedules in the act. Defendant overlooks the provision of § 204.201(1) and (2) that, with a single exception, the pharmacy examiners merely recommend changes to the legislature; the schedules in the act remain unchanged unless and until the legislature itself alters them. Proponents and opponents of such changes have their opportunity before the legislature itself to try to influence such legislation. We do not suggest that notice and hearing of proposed changes would be constitutionally mandated had the pharmacy examiners themselves possessed authority to promulgate rules adding or deleting substances to the schedules. See 2 Am.Jur.2d Adminis-

trative Law § 279 at 108, § 281 at 110; 73 C.J.S. Public Administrative Bodies & Procedure § 98 at 418. Nor do we consider the effect of the Iowa Administrative Procedure Act, chapter 17A, Code 1975, since defendant's argument is constitutionally based.

The pharmacy examiners' function goes beyond recommendation only in the case of designation by federal authorities of a new controlled substance; under § 204.201(4), the new substance may temporarily become a scheduled substance under Iowa law unless the pharmacy examiners object. See Dunahoo, Iowa's Uniform Controlled Substances Act: A Coordinated Approach To Drug Control, 21 Drake L.Rev. 77, 84–85. Since the present case does not involve such a new substance, the validity of § 204.201(4) is not before us. If we assume arguendo that § 204.201(4) is invalid, the invalidity would not affect the rest of the act or the present prosecution. Code 1975, § 4.12; 64 G.A. ch. 148, § 612.

■ We have carefully considered defendant's other arguments in which he contends he was deprived of constitutional rights. We do not find merit in them. The trial court did grant defendant hearings on his demurrer and motion. Defendant was not granted a delay to produce witnesses whose testimony he had not taken or presence he had not subpoenaed, but the court did permit him to make an offer of proof of materials and in so doing acted within its discretion in regulating the proceeding. See State v. Harris, 222 N.W.2d 462 (Iowa). Defendant's basic complaint is directed to the wisdom of the marijuana statute, but that is a legislative matter and not within our province. Sampson v. City of Cedar Falls, 231 N.W.2d 609 (Iowa).

II. *Motion to Direct Verdict.* In a motion to direct a verdict, defendant contended at trial that the evidence established entrapment as a matter of law. The trial court overruled the motion and submitted the issue to the jury. In this, defendant argues, the trial court erred.

This court stated in State v. Mullen, 216 N.W.2d 375, 382 (Iowa):

Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

■ Defendant introduced evidence bearing on entrapment. On a defense motion to direct a verdict, however, the court views the evidence in the light most favorable to the State. State v. Davis, 229 N.W.2d 249 (Iowa). The jury could find on the evidence a case of conduct "merely affording a person an opportunity to commit an offense." The trial court properly applied the principle stated thus in State v. Deanda, 218 N.W.2d 649, 650 (Iowa):

The trial court was correct in refusing to find that there was or was not entrapment as a matter of law. A trial court should make such a finding only where there is no dispute as to the facts or inferences to be drawn from them. In all other cases the question should be submitted to the jury.

We find no error here.

■ III. *Entrapment Instruction.* The trial court gave the jury an entrapment instruction explaining the objective test in the first two paragraphs but stating the subjective test in the last two paragraphs. Defendant took proper exception and argues his exception as his final ground for reversal.

The objective test is the one to be used. State v. Mullen, 216 N.W.2d 375 (Iowa). See II Iowa Uniform Jury Instructions, No. 501.21 (1975). This is not the situation presented in State v. Sheffey, 234 N.W.2d 92 (Iowa). A court errs in submitting the subjective test. State v. Deanda, 218 N.W.2d 649 (Iowa); see also State v. Overmann, 220 N.W.2d 914 (Iowa). If the jury here found no entrapment because this par-

ticular defendant was not in fact influenced by the conduct of the law enforcement agents—the subjective test—it applied the wrong rule; whereas, if the jury found no entrapment because the law enforcement agents did not use persuasion or other means likely to cause a normally law-abiding person to commit the offense—the objective test—it applied the right rule. We are unable to discern which rule the jury applied and must therefore reverse for a new trial. *State v. Baratta*, 242 Iowa 1308, 49 N.W.2d 866; *State v. Hartzell*, 58 Iowa 520, 12 N.W. 557.

Reversed.