**STATE of Iowa, Appellee,**

v.

**Michael Lynn JEFFS, Appellant.**

**No. 58629.**

Supreme Court of Iowa.

Nov. 17, 1976.

Chet R. Chickering, Winterset, for appellant.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., and Jerrold B. Oliver, County Atty., for appellee.

LeGRAND, Justice.

A jury convicted defendant of delivering two one-ounce packets of marijuana to David Mills, a police informant. He was sentenced to a term of not more than five years in the Men's Reformatory and fined $300. He appeals and we reverse.

Defendant raises these issues as grounds for reversal:

1. Error in the admission of Exhibits 1 and 2, each of which was a packet of marijuana allegedly sold by defendant to Mills;

2. Error in the admission of Exhibit 3, another packet of marijuana which was taken from defendant's person at the time of his arrest;

3. Error in the admission of hearsay testimony;

4. Error in submitting the issue of entrapment to the jury; and

5. Error in conducting the accommodation hearing.

We relate the pertinent facts as we discuss these various assignments.

I. Defendant first objects to the introduction of Exhibits 1 and 2, which purport to be separate packets of marijuana sold to Mills, each for the sum of $13. Defendant objects that the chain of possession shown by the State is insufficient to negative the probability the substance was not altered, changed or modified after it allegedly left defendant's possession.

Mills testified he purchased the marijuana from defendant on two occasions a day apart. He delivered them to Police Officer Turner. They were later analyzed, and

there was expert testimony to show they contained marijuana.

Mills gave the marijuana to Officer Turner at the Winterset Police Station. The officer placed the packets on top of his desk. Shortly thereafter, Turner and other officers left the police station to effect defendant's arrest at a local pool hall. They were gone 30 to 45 minutes. Defendant's objection goes to this period during which he says the marijuana is unaccounted for.

■ In establishing a chain of custody adequate to justify the admission of physical evidence, the State need only show circumstances making it reasonably probable that tampering, substitution or alteration did not occur. Absolute certainty is not required. *State v. Branch*, 222 N.W.2d 423, 426 (Iowa 1974); *State v. Mattingly*, 220 N.W.2d 865, 870 (Iowa 1974); *State v. Lunsford*, 204 N.W.2d 613, 616–617 (Iowa 1973).

■ We recognized in those cases that marijuana is peculiarly susceptible to tampering, and the facts surrounding custody of such a substance must be closely examined with that in mind.

■ We hold custody was sufficiently shown. Defendant's argument misconceives Officer Turner's testimony. The officer testified that, when he left the station to arrest defendant, the two packets of marijuana were either taken with him or were placed in the evidence locker at the police station, a locker to which he alone had access. He was unable to state definitely which of these two courses he followed, but he was positive it was one or the other. Either would be sufficient to render the exhibits admissible.

There is no merit in this objection.

II. Defendant next claims error in the admission of another packet of marijuana identified as Exhibit 3. This presents a totally different problem.

At the time of defendant's arrest, he was searched. A one-ounce package of marijuana (Exhibit 3) was found and confiscated. The arrest was made a day after one purchase and several hours after the other.

Defendant argues Exhibit 3 was irrelevant to the charge for which he was being tried; that it was evidence of the commission of an independent and separate crime (possession of a controlled substance); and that its admission was prejudicially erroneous.

Evidence of a separate crime is inadmissible as bearing on defendant's guilt unless it falls within one of the established exceptions. In *State v. Wright*, 191 N.W.2d 638, 640 (Iowa 1971) we described these exceptions as follows:

"The exceptions recognized * * * permit the reception of evidence of other crimes to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, or (5) identity of the person charged with the commission of the crime."

■ In *Wright*, too, we said the "basic principle" upon which the admission of such evidence rests is relevance. If it tends to prove some fact relevant to the crime for which the defendant is then on trial, the evidence is properly received even if it necessarily establishes another offense. Otherwise it should not be admitted.

■ The State does not point to any of the exceptions for explaining the relevance of Exhibit 3. We are unable to find any which would justify its admission. The result might well be different if defendant stood charged with possession with intent to deliver; but the charge against him was actual delivery of marijuana to the informant.

The fact that he possessed additional marijuana does not bear on his guilt of the crime charged.

It was error to admit Exhibit 3.

III. Defendant challenges the admission of certain hearsay evidence.

This assignment concerns principally the evidence given by Officer Turner. It must be conceded his testimony is replete with hearsay. Our problem is to determine, first, whether it was improperly admitted

and, secondly, if so, whether it was so prejudicial as to require a reversal.

We are not assisted by the manner in which the record was made. The trial court suggested defendant rely on a standing hearsay objection to all testimony concerning conversations between Mills and the police officers. While a standing objection may save trial time and be convenient for both court and counsel, it makes appellate review infinitely more difficult and, for the litigants, more uncertain. We renew our disapproval of this practice. *See State v. Johnson,* 237 N.W.2d 819, 823 (Iowa 1976).

The problem is emphasized here because even in his brief, defendant does not point out the testimony deemed so prejudicial as to require reversal. In this court, as in the trial court, there is only a general reference to "objectionable hearsay testimony." This leaves us the job of combing a long record in search of prejudicial matter.

Although that task should not be ours, we have undertaken it and hold there is merit in defendant's contention.

We have defined hearsay as a statement, other than one by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *State v. Rush,* 242 N.W.2d 313, 319 (Iowa 1976) and citations. Under this definition, much of Officer Turner's testimony must be classified as hearsay. We later single out a few of his statements which we consider of vital importance.

Mills, the informant, was the first witness for the State. At the conclusion of his testimony it was uncertain whether defendant or Mills had initiated the negotiations which culminated in the sale of marijuana. This evidence was material on the issue of entrapment.

When Officer Turner followed Mills to the stand, the State understandably wanted to show the initiative did, in fact, come from the defendant and that Mills was not the one who set the events in motion.

In this record, Officer Turner testified in response to one question as follows:

" * * * Mr. Mills [the informant] advised me and Officer Paullin that he had talked to Jeffs, Mike Jeffs, [the defendant] the day prior, which would have been the 23rd of March, and Jeffs confronted Mr. Mills and asked him if he would like to buy some marijuana. Mr. Mills stated or advised Mr. Jeffs that he didn't have any money, but in the same conversation Jeffs said that he was willing to sell the marijuana for $13 a lid."

At another place the officer testified as follows:

"Possibly three o'clock Dave Mills came to my home and gave me one ounce or approximately one ounce of what he believed to be marijuana and stated he had just bought it from Mike Jeffs."

At another place this testimony occurred:

"At that time Mr. Mills walked into the police station, gave me or laid down two packages or plastic bags of what I believed to be marijuana.

"Q. Did he say where he got it?

"A. Yes, sir, he made the second buy from Mike Jeffs."

At still another place Officer Turner testified this way:

"Prior to Mr. Mills leaving the police station, he advised Officer Lehman and Officer Paullin and myself that he had seen Mike Kile receive a bag of what he believed to be marijuana, seen Jeffs give it to Kile, * * * At the same time and in the same conversation Mills advised me that Mike Jeffs had one or approximately one bag of marijuana left and he was attempting to sell it, and he said that if we wanted to or was going to arrest him, that would be the time to do it."

Perhaps the two statements by Mills as to the source of the marijuana, while hearsay, would not warrant reversal under the rule announced in *State v. Branch, supra,* 222 N.W.2d at 427. Mills had already testified to these facts and Turner's recitation of that part of his conversation with Mills was cumulative only. *Cf. State v. Mattingly,* 220 N.W.2d 865, 869 (Iowa 1974).

However, the same cannot be said of the other excerpts from Turner's testimony. In one statement the hearsay evidence unequivocally made defendant the aggressor in the drug sale, a matter upon which Mills' own testimony was ambivalent and uncertain.

In the other the informant attributed to defendant damaging statements about his intent to sell marijuana to others. This evidence was particularly harmful in view of the erroneous admission of Exhibit 3, to which this hearsay testimony obviously referred.

■ Erroneous admission of evidence is presumed prejudicial unless the contrary is affirmatively shown. *State v. Branch, supra*, 222 N.W.2d at 427. It is clear there was prejudice here, and we hold it was reversible error to allow the hearsay evidence alluded to above.

IV. Defendant also contends the issue of entrapment was established as a matter of law. He argues the jury should have been so instructed. This is tantamount to asking for a directed verdict. Defendant relies on *State v. Baumann*, 236 N.W.2d 361, 364 (Iowa 1975); *State v. Leins*, 234 N.W.2d 645, 648 (Iowa 1975); *State v. Deanda*, 218 N.W.2d 649, 650 (Iowa 1974), overruled on other grounds in *State v. Monroe*, 236 N.W.2d 24, 33 (Iowa 1975); and *State v. Mullen*, 216 N.W.2d 375, 382 (Iowa 1974).

■ These cases all support the rule that the trial court should determine the question of entrapment as a matter of law when there is no factual dispute. Otherwise it is an issue for the jury; and in deciding if there is a jury question, we view the record as favorably for the party against whom the motion is made as the evidence and the reasonable inferences arising therefrom permit.

In the present case the State enjoys the benefit of that rule. For an example of circumstances in which it inures to the advantage of a defendant, *see State v. Tomlinson*, 243 N.W.2d 551, 553 (Iowa 1976).

■ Our review of the evidence convinces us the trial court correctly refused to decide entrapment as a matter of law. The testimony shows the State enlisted the help of an informant to acquire evidence against defendant; but entrapment requires much more than that. Conduct becomes entrapment only when "a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense." *State v. Mullen, supra*, 216 N.W.2d at 382. The record is barren of evidence to permit a finding this was established as a matter of law.

Defendant's complaint is without substance.

■ V. The last issue relates to the manner in which the accommodation hearing was conducted. *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975) had not been decided when this case was tried. Upon retrial, in the event of conviction, any accommodation hearing must be conducted according to *Monroe*. This places upon the State the burden to prove beyond a reasonable doubt the delivery was *not* for accommodation only. It also mandates the issue must be submitted to a jury. *See State v. Monroe, supra*, 236 N.W.2d at 39.

VI. For the reasons stated in Divisions II and III, the judgment is reversed and the case is remanded for new trial.

REVERSED AND REMANDED.

MOORE, C. J., and MASON, RAWLINGS, LeGRAND, UHLENHOPP and McCORMICK, JJ., concur.

HARRIS and REYNOLDSON, JJ., concur specially.

REES, J., takes no part.

HARRIS, Justice (concurring specially).

I disagree with the majority holding in division II. I believe evidence of the possession of other marijuana was admissible in this prosecution for delivery of marijuana a few hours earlier.

I. The majority does not dispute the rule it cites: evidence of other crimes is admissible to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a

common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, or (5) identity of the person charged with the commission of the crime. *State v. Garren*, 220 N.W.2d 898, 900 (Iowa 1974); *State v. Wright*, 191 N.W.2d 638, 640 (Iowa 1971). I believe the marijuana in this case was admissible to prove absence of mistake or accident and especially a common scheme or system of criminal activity.

Under normal circumstances possession of marijuana would seem to be a prerequisite to its delivery. Surely evidence of possession is no less relevant because it happens to describe another crime.

The rule limiting evidence of other crimes is aimed at the vice of attempting to secure convictions by showing the accused is a "bad man." But where the evidence is relevant to the principal charge it may be admitted even though it incidentally shows commission of another crime. *Garren*, supra, 220 N.W.2d at 900. The test is whether the evidence of another crime has a legitimate bearing on any point in issue; it is not a question of whether the evidence tends to show commission of another crime. *State v. Hill*, 258 Iowa 932, 937, 140 N.W.2d 731, 734 (1966). It is basically a question of relevance. *Wright*, supra, 191 N.W.2d at 640.

Admissibility of such evidence is generally within the sound discretion of the trial court with questions of time going more to weight than to admissibility. *State v. Maestas*, 224 N.W.2d 248, 251 (Iowa 1974). See generally 2 Wigmore on Evidence (Third Ed.), § 368, pp. 291–296 and cases cited therein.

I do not believe the trial court abused its discretion in admitting the evidence. Seizure of the exhibit was sufficiently contemporaneous with the sale some few hours earlier. The trial court properly found the probative value of the evidence outweighed any prejudicial effect. See *State v. Johnson*, 237 N.W.2d 819, 821 (Iowa 1976). I believe the evidence was properly admitted.

II. I agree the trial court erred in admitting hearsay evidence as explained in division III of the majority opinion and would join in the holding the judgment of the trial court must be reversed for that reason.

REYNOLDSON, J., joins this special concurrence.