STATE of Iowa, Appellee,

v.

Virginia Lee WINDERS, Appellant.

No. 83–1528.

Supreme Court of Iowa.

Dec. 19, 1984.

**418**

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Steven K. Hansen, Asst. Atty. Gen., and Denver D. Dillard, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

The controlling issue in this appeal is whether a jury instruction impermissibly shifted the burden of proof to defendant Virginia Lee Winders. Because the trial court erred in giving the instruction, we reverse and remand.

I. Defendant is a thirty-five year old Cedar Rapids resident with two children. She shares her home with her friend, Lonny Willard. Willard operates a wrecker service from defendant's address and does body work on vehicles in the garages and sheds on the premises.

In May 1979, Earl Willard, Lonny's uncle, purchased a 1974 one-half ton Chevrolet pickup truck, gold color with a white top. The truck leaked oil heavily and Earl wanted to dispose of it. He relinquished possession of the truck to defendant, who took over the payments.

October 23, 1980, a 1974 three-quarter ton Chevrolet pickup truck was stolen from All-Iowa Body in Cedar Rapids. August 5, 1981, Iowa state troopers executed a search warrant at defendant's residence looking for stolen car and truck parts. During the search, the officers examined defendant's pickup truck. They discovered the vehicle identification number (VIN) on the doorpost of defendant's truck did not match the VIN on the frame of the vehicle. Moreover, another VIN on the vehicle's frame had been ground off. Further investigation revealed the frame of defendant's truck was the frame of the truck stolen from All-Iowa Body the previous October. The officers seized the vehicle.

December 11, 1981, defendant was charged by trial information with unlawfully and willfully exercising possession and control over the property of All-Iowa Body, knowing or having reason to believe the property was stolen, in violation of Iowa Code sections 714.1(4) and 714.2(2). Jury trial began February 22, 1982, in the district court for Linn County. February 24, the jury returned a guilty verdict.

April 28, 1982, trial court overruled defendant's motion in arrest of judgment and ordered deferral of judgment until April 27, 1984. Defendant's appeal to this court later was dismissed on the ground a deferred judgment is not final.

October 14, 1983, trial court revoked defendant's probation for reasons not relevant here. She was sentenced to a term of not more than five years. Defendant now appeals and we reverse.

II. In charging the jury, trial court submitted instruction number nine, which provided:

> Any person who possesses any motor vehicle or any component part thereof which has been stolen, shall be presumed to have knowledge that such motor vehicle or component part thereof had been stolen. This is a presumption only and may be rebutted *by the Defendant* by the evidence in this case. It is for the jury to decide from all of the evidence in this case whether or not this presumption has been rebutted *by the Defendant.*

(Emphasis added.) This instruction was based on Iowa Code section 321.81:

Presumptive evidence. Whoever shall conceal, barter, sell, possess or dispose of any vehicle or component part which has been stolen, or shall disguise, alter, or change such vehicle or component part or the vehicle identification number or component part number thereof, or remove or change the registration plate thereon, or do any act designed to prevent identification of such vehicle or component part, shall be presumed to have knowledge that such vehicle or component part had been stolen.

Defendant contends trial court's instruction nine shifted the burden of proof to her in violation of the due process clause of the fifth and fourteenth amendments of the United States Constitution. She contends it informed the jury that, if defendant did not present evidence to rebut the statutory presumption, the jury should find defendant knew the vehicle was stolen.

■ Defendant's argument is based on the distinction between a mandatory presumption and a permissive presumption or inference. A permissive presumption is one that allows, but does not require, the jury to infer an elemental fact from proof of a basic one. *State v. Rinehart*, 283 N.W.2d 319, 321 (Iowa 1979), *cert. denied*, 444 U.S. 1088, 100 S.Ct. 1049, 62 L.Ed.2d 775 (1980) (quoting *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 156–57, 99 S.Ct. 2213, 2224–25, 60 L.Ed.2d 777, 791–92 (1979)). Because the permissive presumption leaves the jury free to reject the inference, it does not affect the burden of proof, unless there is no rational way the jury can draw the inference. *Id.*

■ A mandatory presumption, on the other hand, tells the jury that it must find an elemental fact from proof of a basic one. *Id.* at 322. In a criminal trial, a mandatory presumption violates the due process clause because it undermines the fact finder's responsibility to find the ultimate facts beyond a reasonable doubt. *Id.* at 321. In order for a device [employed in such instructions] to pass constitutional muster, it must be presented in such a manner that the jury is fully apprised of their option to reject its application. This "determination requires careful attention to the words actually spoken to the jury, ... for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror *could have* interpreted the instruction."

*Id.* at 322 (emphasis in original); *see also State v. Elam*, 328 N.W.2d 314, 318 (Iowa 1982).

On numerous occasions, we have passed on the validity of jury instructions alleged to have shifted the burden of proof to a criminal defendant. Read together, these cases provide a measure by which to gauge defendant's objection to instruction nine.

In *State v. Hansen*, 203 N.W.2d 216, 218 (Iowa 1972), trial court instructed the jury that "[h]owever, such inference is not conclusive, but is rebuttable. It may be overcome or rebutted by evidence to the contrary." The defendant argued the instruction violated his fifth amendment right by forcing him to take the stand to rebut the inference. *Id.* This court agreed and reversed the conviction. *Id.* at 220. We noted that "the instruction now under attack does not specifically require *defendant* to produce rebutting testimony; but it does demand that someone—either defendant or the State—do so when it tells the jury the blood test results 'may be overcome or rebutted by evidence to the contrary.'" *Id.* (emphasis in original). *See also State v. Prouty*, 219 N.W.2d 675, 678 (Iowa 1974) (*Hansen* instruction given again, and again condemned by this court).

In *State v. Janssen*, 239 N.W.2d 564, 566 (Iowa 1976), the jury was instructed "[h]owever, such inference is not conclusive, but it is rebuttable." On appeal we compared the instruction to the one given in *Hansen* and held it passed constitutional muster. *Id.* at 567. While acknowledging it might be advisable to omit the phrase "but it is rebuttable," we found no error because the instruction did not "convert the inference arising from the unexplained

possession of recently stolen property into a conclusive presumption of guilt *if evidence is not produced to rebut it."* *Id.* (emphasis in original). *See also State v. Thornburgh,* 220 N.W.2d 579, 585–86 (Iowa 1974) (though it would be advisable to omit the phrase, an instruction providing "the inference of theft may be rebutted" does not violate the fifth or the fourteenth amendments by shifting the burden of proof to the defendant).

 Comparing instruction nine to those under scrutiny in the above-cited cases, we find trial court erred. The instruction twice stated the presumption of knowledge might be rebutted *by the defendant.* This alone distinguishes the instruction from those given in *Janssen* and *Thornburgh.* The instruction was constitutionally impaired because a reasonable juror could have interpreted it as placing upon defendant the burden of rebutting the statutory presumption of knowledge. *See Rinehart,* 283 N.W.2d at 322.

The State's fallback argument is that any error in instruction nine was corrected by the other instructions. Instructions three, four and five clearly informed the jury the State had the burden of proving defendant's guilt beyond a reasonable doubt. Instruction twelve defined "knowledge" in some detail. This was sufficient, the State reasons, to correct any error because "instructions must be read and considered together and related to each other, not piecemeal or in artificial isolation." *State v. Johnson,* 243 N.W.2d 598, 604 (Iowa 1976).

We rejected a similar argument with regard to a presumption instruction in *Prouty,* 219 N.W.2d at 678:

> But the State contends other instructions given, placing the burden of proof on the prosecution at all trial stages, served to dissipate any error inherent in the controverted instruction.
>
> That is neither an unique nor persuasive contention.

The argument is no more persuasive now. Iowa has long followed the principle that where two contradictory rules are laid down for the guidance of the jury, it is impossible to say which one the jury followed and the judgment must be reversed. *State v. Hartzell,* 58 Iowa 520, 522, 12 N.W. 557, 558 (1882); *State v. Leins,* 234 N.W.2d 645, 649 (Iowa 1975).

III. We have no need to consider defendant's other arguments. Because instruction nine violated the fifth and fourteenth amendments by shifting the burden of proof to defendant, trial court's judgment must be reversed, and the case remanded for a new trial.

REVERSED AND REMANDED.