**IN THE COURT OF APPEALS OF IOWA**

No. 24-1061
Filed April 23, 2025

**KYLE ANTHONY SADLER,**
    Applicant-Appellee,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Greg Milani, Judge.

The State appeals the district court's ruling on Kyle Anthony Sadler's application for postconviction relief. **REVERSED AND REMANDED.**

Brenna Bird, Attorney General, and Genevieve Reinkoester (argued), Assistant Attorney General, for appellant State.

Denise M. Gonyea (argued) of McKelvie Law Office, Grinnell, for appellee.

Heard at oral argument by Greer, P.J., and Ahlers, Chicchelly, Buller, and Langholz, JJ.

**CHICCHELLY, Judge.**

The State appeals the district court's ruling on Kyle Anthony Sadler's application for postconviction relief (PCR). Upon our review, we reverse and remand.

## I.     *Background Facts and Proceedings.*

In early 2018, the State charged Sadler with second-degree murder, three counts of assault with a dangerous weapon, operating while intoxicated, and four counts for failure to stop at the scene of an accident. During the proceedings, Sadler moved to extend pretrial and discovery deadlines until August 1, 2018, which the court granted. On August 1, Sadler moved to suppress evidence that he alleged was obtained in violation of his constitutional rights. The court denied the motion, finding it was "untimely filed." But after the State moved to enlarge the ruling, the court agreed that while the motion was "not technically untimely," it could not be heard before trial and must be denied.

A jury trial occurred as scheduled in mid-August 2018, after which Sadler was convicted of all charges. He appealed. On direct appeal, we affirmed Sadler's convictions but merged his four failure-to-stop convictions into one. *See State v. Sadler*, No. 18-2041, 2020 WL 4200158, at *9 (Iowa Ct. App. July 22, 2020).

Sadler applied for postconviction relief,[1] alleging that his trial counsel was ineffective for failing to suppress evidence, request a change in venue, and present evidence that Sadler acted in self-defense. After a PCR hearing in mid-2023, the

---

[1] Sadler actually applied for postconviction relief immediately following his conviction. But the PCR proceedings were continued several times for discovery issues and to allow his direct appeal to run its course.

PCR court granted Sadler's application on two grounds, finding that trial counsel was ineffective for failing to timely file the motion to suppress and for failing to file a motion for a change of venue. The trial court rejected his claim that trial counsel was ineffective for failing to assert he acted in self-defense. The PCR court then went further, raising and ruling on two ineffective-assistance claims which Sadler had not argued, and adding those claims to its cumulative prejudice analysis. The State appeals.

## II. Review.

While we generally review PCR proceedings for correction of errors at law, our review here is de novo because ineffective-assistance-of-counsel claims raise constitutional issues. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III. Ineffective Assistance of Trial Counsel.

To prove ineffective assistance of counsel, an applicant must establish two prongs: "(1) counsel failed to perform an essential duty, and (2) prejudice resulted from this failure." *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). But we presume counsel performed competently unless the applicant can prove by "a preponderance of the evidence that trial counsel's representation fell below an objective standard of reasonableness." *Id.* (cleaned up). We further require the applicant to "show a reasonable probability that the result of the trial would have been different" if counsel had acted reasonably. *Id.* at 869 (citation omitted). On appeal, the State challenges the finding that Sadler's trial counsel was ineffective and further argues that the PCR court should not have independently raised issues on behalf of Sadler. We address each argument in turn.

*A. Alleged Ineffectiveness for Failure to Change Venue.*

The State first argues that Sadler failed to establish his counsel should have moved to change venue. "To successfully change venue, [Sadler] would have needed to prove either (1) the 'publicity attending his case was so pervasive and inflammatory that prejudice must be presumed, or (2) actual prejudice on the part of the jury.'" *King v. State*, No. 22-1370, 2023 WL 8449408, at *2 (Iowa Ct. App. Dec. 6, 2023) (citation omitted). But the PCR court based its ruling on a "possibility of a prejudicial jury pool" without any real evidence. While Sadler argues generally that the coverage was "widespread" throughout Poweshiek County and thirty out of thirty-two prospective jurors had knowledge of the case, this is not enough. *See State v. Siemer*, 454 N.W.2d 857, 861 (Iowa 1990) (finding no actual prejudice despite "all but one member of the initial panel admit[ing] a general familiarity with the crime based on news reports"). Sadler neither provided a single news article as evidence nor identified a single juror that held prejudicial beliefs.[2] Both the State and Sadler's trial counsel used a special questionnaire and conducted a thorough jury selection process, which resulted in several prospective jurors being struck for cause. *See id.* (considering whether "the court exercised abundant caution in dismissing for cause the venire persons who held negative attitudes toward the crime, generally, or against [the defendant], particularly"). The jurors who were ultimately selected all expressed a willingness to be impartial. *See id.*

---

[2] Sadler does vaguely argue that "there was a young woman on the jury who was close friends with" the victim's family. But he neither identifies this juror nor provides any evidence supporting this claim. Upon our own review of the record, we find that any jurors connected to the parties or victims were either not selected or expressed an ability to remain impartial. We therefore do not find this claim has any merit.

(finding no actual prejudice when jurors stated their "initially held negative impressions" "would not affect their ability to impartially consider the evidence"). And while Sadler claims that his trial counsel failed to investigate the media attention, this is not supported by the record. His trial counsel testified that while he searched for pretrial publicity, "there wasn't any" by the time of trial, and "I just didn't think I had the evidence to support [a motion to change venue]." "We will not find counsel incompetent for failing to pursue a meritless issue." *Davis v. State*, No. 18-2073, 2021 WL 592226, at *2 (Jan. 21, 2021) (citation omitted). Without evidence to prove that additional investigation would have changed the outcome, Sadler cannot establish that his trial counsel was ineffective on this ground. *See id.* We therefore reverse the court's finding that his counsel was ineffective for failing to move for change of venue.

*B. Alleged Ineffectiveness for Failure to Suppress Evidence.*

Next, the State challenges the PCR court's finding that Sadler's counsel failed to suppress evidence in the form of urine testing and statements made to law enforcement. In our review of the record, we find no support for Sadler's contention that he would have been successful on the merits of a motion to suppress this evidence. *See Lorenzo Baltazar*, 935 N.W.2d at 869 (placing the burden on the PCR applicant to "show a reasonable probability that the result of the trial would have been different" (citation omitted)). In regard to the first issue, Sadler failed to cite which statements should have been suppressed or how this suppression would have changed the outcome of his trial. Moreover, even if Sadler had made such an argument, it would fail. To suppress inculpatory statements, the statements must have been made involuntarily and "while in

custody." *State v. Davis*, 446 N.W.2d 785, 787–88 (Iowa 1989). While Sadler claims that his circumstances warranted *Miranda* warnings and therefore the evidence must be suppressed, we disagree. The case he cites as being "analogous" to his own, *State v. Turner*, is inapposite. 630 N.W.2d 601 (Iowa 2001). Sadler was never arrested or detained, instead being interviewed non-threateningly by officers in his own home. *Compare id.* at 607–08 (finding *Miranda* rights implicated when defendant was handcuffed, detained, placed in a police vehicle, and arrested), *with Davis*, 446 N.W.2d at 788 (finding *Miranda* rights not implicated when defendant "was not placed under arrest and was interviewed in his home"). As to the urine sample, while Sadler vaguely contends that law enforcement did not comply with the implied-consent requirements, *see* Iowa Code § 321J.6(1)(a) (2017) (permitting the collection and testing of urine with "reasonable grounds" that the suspect is driving impaired), he provides no basis for this broad conclusion. While he again cites an inapposite case, *State v. Palmer*, 554 N.W.2d 859 (Iowa 1996), we do not find it supports his position. In *Palmer*, the court found that the person authorizing the test was not a "peace officer" for purposes of the implied-consent statute. *Id.* at 865. But Sadler presented no evidence that the officer who authorized the sample was not a "peace officer" or that the officer lacked "reasonable grounds." We therefore do not find that his argument has any merit. Without a breach of duty or any showing of prejudice, we cannot find that Sadler's counsel was ineffective on this issue. Accordingly, we must again reverse.

*C. Alleged Ineffectiveness for Extraneous Claims.*

Finally, the State contends that the PCR court should not have sua sponte raised and ruled on claims which Sadler did not argue.[3]  These included "counsel's approach to plea negotiations," the alleged failure to hire an accident reconstructionist expert, and the alleged failure to appeal the denial of a trial continuance.  But this was not the PCR court's role.  Iowa courts have previously recognized the importance of an independent, unbiased bench.  *See generally State v. Thornburgh*, 220 N.W.2d 579, 858 (Iowa 1974) ("The trial court should act impartially and avoid conduct . . . [implying] bias against either party.").  By raising claims on behalf of a party, developing those claims into actual arguments, and ruling on those issues in its written order, the court failed to act impartially; in fact, it took the role of a zealous advocate.  *See Page v. State*, No. 14-1842, 2016 WL 719243, at *2 (Iowa Ct. App. Feb. 24, 2016) (admonishing a court for raising a defense on behalf of a party); *State v. Piper*, 663 N.W.2d 894, 913–14 (Iowa 2003) (finding the court's consideration of claims not raised by a defendant "would require the court to assume a partisan role and undertake the defendant's research and advocacy, a task we will not accept" (cleaned up)), *overruled on other grounds by State v. Hanes*, 790 N.W.2d 545, 551 (Iowa 2010).  We find that the court failed in its duty to act as neutral arbiter, and we conclude that the court

---

[3] The PCR court also found "the cumulative effect of [trial counsel's and appellate counsel's] ineffectiveness was prejudicial," which the State challenges.  Because we do not find prejudice on either ground of ineffectiveness, we need not consider whether the extraneous claims were included as part of the "cumulative effect" of prejudice.  We therefore do not address this argument further.

exceeded its authority in its finding of ineffectiveness for any claims not raised by Sadler himself.  Consequently, we vacate such findings.

## IV.    *Disposition.*

Because Sadler failed to establish his trial counsel was ineffective, we reverse the order granting PCR and remand to the district court for dismissal.

**REVERSED AND REMANDED.**